[No. 14229.    Department One. — January 28, 1892.]

GEORGE G. BURNETT, RESPONDENT, *v.* BENJAMIN F. LYFORD ET AL., DEFENDANTS. EGBERT JUDSON, APPELLANT.

MORTGAGES — ASSIGNMENT OF NOTES UNDER CORPORATE SEAL — TITLE OF ASSIGNEE — FORECLOSURE. — When several notes and mortgages executed by a corporation each have an indorsement of an assignment signed by the president of the corporation in the name of the corporation, with the corporate seal affixed thereto, purporting to transfer all the right, title, and interest of the corporation to the notes secured by the mortgages, the assignment is sufficient to vest in the assignee a title to the notes and mortgages, and to enable him to bring an action in his own name to foreclose the mortgages.

ID. — FORMAL ASSIGNMENT — HARMLESS ERROR. — Where an assignment of the notes secured by the mortgages has been sufficiently shown, the subsequent admission in evidence of what purports to be a formal assignment to the plaintiff of the notes and mortgages, even if error, is harmless.

ID. — NONSUIT — EVIDENCE — TITLE TO NOTES AND MORTGAGES — NON-PAYMENT. — Where notes and mortgages assigned by indorsement to the plaintiff are received in evidence without objection, the plaintiff's title thereto and right to maintain the action is proved, and the production of the notes at the trial being evidence that they have not been paid, a motion for a nonsuit is properly denied.

ID. — REAL PARTY IN INTEREST — BENEFICIAL OWNERSHIP OF ADMINISTRATOR — EXTINGUISHMENT OF MORTGAGE — DEFENSE NOT PLEADED. — Whether the plaintiff who is vested by the indorsement of the notes and mortgages with the legal title thereto is the real party in interest, or whether the assignment was made at the instance and for the benefit of an administrator forbidden to purchase a claim against the estate he represents, or whether the payment by the administrator for the assignment operated to extinguish the mortgages, cannot be questioned by a defendant claiming under a mortgagor, who has not pleaded any facts showing a defense against the administrator or questioning the right of the plaintiff to bring the action.

ID. — PURCHASE OF MORTGAGE BY ADMINISTRATOR — PROTECTION OF ESTATE — CONSTRUCTION OF CODE. — Where an administrator, with the desire of protecting the estate, advances money from his own funds to secure the transfer of a mortgage upon land of the decedent, when there are no funds of the estate in his hands, and procures the assignment to be made either to himself or to a third party for the purpose of enabling him to protect the property from a sacrifice by foreclosure at suit of the mortgagee, he is acting within the line of his authority as administrator. and his act must be construed as within the exercise of his duties as such administrator, rather than as a "purchase" of the claim for his own benefit, within the meaning of section 1617 of the Code of Civil Procedure,

ID. — QUESTIONING PURCHASE BY ADMINISTRATOR. — A purchase, by the administrator, of a mortgage, for the protection of the estate, may be questioned by the heir, or others who may have an interest in the estate, but not by a stranger.

Id. — Purchase by Administrator of Husband and Wife — Foreclos-
ure against Successor of Husband. — Where notes and mortgages
were executed by a husband and wife upon the separate property of the
wife to secure the debts of the husband, the administrator of the two
estates of the deceased husband and wife is justified in procuring an
assignment of the notes and mortgages to a third person for the protec-
tion of the estates, and in foreclosing the same, so as to compel a succes-
sor of the husband's estate to pay that portion of the mortgage which
in equity devolves upon him to discharge.

Evidence — Execution of Instrument — Failure to Object — Admission
of Genuineness. — The failure to make objection to a signature when
it is offered in evidence is an admission of its genuineness, and equiva-
lent to proof thereof.

Corporation Seal — Presumption — Evidence of Corporate Act. — A
seal affixed to an instrument, which purports to be the corporate seal of
a corporation, must, in the absence of objection, be presumed to be genu-
ine, as well as to have been affixed by proper authority; and is evidence
of the corporate act which it purports to authenticate.

Documentary Evidence — Admission without Objection — Appeal —
Objection for First Time. — A party to an action, after having allowed
written evidence to be introduced without objection, and without
attempting to impeach its genuineness or sufficiency, cannot, upon ap-
peal, urge an objection which was not presented at the trial, and which
might have been obviated if then made.

Appeal from an order of the Superior Court of Marin
County denying a new trial.

The facts are stated in the opinion of the court.

*E. W. McKinstry,* and *E. F. Swortfiguer,* for Appellant.

*D. I. Mahoney,* for Respondent.

Harrison, J. — Action for the foreclosure of three
mortgages executed to the Hibernia Savings and Loan
Society by Thomas B. Deffebach and his wife, Inez Reed
Deffebach. The property mortgaged was the separate
estate of the wife, and the moneys obtained by the mort-
gages were advanced by her to discharge the personal
obligations of her husband. Inez died intestate, Sep-
tember 15, 1883, and Thomas died intestate, June 21,
1884. The defendant Lyford is the administrator of the
estate of each of the said decedents, and the defendant
Judson is alleged to have some interest in the mortgaged
property, subject to the lien of the mortgages. The rec-

ord does not disclose the extent or character of this in-
terest, but in their brief his counsel state that it is an
undivided one third of the mortgaged lands, acquired
by him through an execution sale upon a judgment
against Thomas. (*Judson* v. *Lyford*, 84 Cal. 505.) This
interest was derived by Thomas upon the death of his
wife, as the heir to one third of her estate. After the
death of the mortgagors, the Hibernia bank made due
presentation and proof of its claims upon the mortgages
against their respective estates, which were allowed and
filed, and thereafter the same were assigned to the plain-
tiff herein. An answer was filed by the defendant Ly-
ford, as administrator of Inez, setting up that the
property mortgaged was her separate estate; that the
debts secured by the mortgages were the separate obli-
gations of Thomas; that, as between them, she was only
a surety for Thomas; and that upon her death one third
of her estate descended to Thomas, and the other two
thirds to her children. No answer was filed by Lyford,
as administrator of the estate of Thomas. Judson, in
his answer, did not set forth the character of his interest
in the lands or allege any affirmative matter, but merely
denied the assignment to the plaintiff of the notes and
mortgages sued on, and denied that they were unpaid.
Judgment having been rendered in favor of the plain-
tiff, Judson moved for a new trial, which was denied.
From this order he has appealed, but no appeal has been
taken from the judgment itself.

The plaintiff offered in evidence the several notes and
mortgages sued on, upon each of which was the follow-
ing indorsement: —

"For value received, the Hibernia Savings and Loan
Society hereby sells, assigns, transfers, and sets over to
George G. Burnett, all its right, title, and interest in and
to the within note.

          "HIBERNIA SAVINGS AND LOAN SOCIETY.
[SEAL]          "By MILES D. SWEENY, President."

And the said notes and mortgages, with the said indorse-
ments, were admitted in evidence without objection.

These indorsements were sufficient to vest in the plaintiff the title to the notes, and to enable him to bring the action in his own name. The assignment of the notes carried with them the mortgages, even if there had been no assignment of the security. (Civ. Code, sec. 2936.) If the appellant had intended to question the sufficiency or genuineness of the indorsements, he should have done so at the time they were offered in evidence. (*Poorman* v· *Mills*, 35 Cal. 121; 95 Am. Dec. 90; *Bullard* v. *Stone*, 67 Cal. 482.) The signature attached thereto, in the absence of any objection, must be assumed to be genuine. The failure to make an objection to the signature when the indorsement was offered in evidence was an admission of its genuineness, and equivalent to proof thereof; and as the seal affixed thereto purported to be the corporate seal of the bank, it must also, in the absence of objection, be assumed to be genuine, as well as to have been affixed by proper authority. It was, therefore, evidence of the corporate act which it purported to authenticate. (Angell and Ames on Corporations, sec. 224; *Indianapolis etc. R. R. Co.* v. *Morganstern*, 103 Ill. 149; *Trustees* v. *McKechnie*, 90 N. Y. 629; *Morris* v. *Keil*, 20 Minn. 531; *Hutchins* v. *Byrnes*, 9 Gray, 367; *McCracken* v. *San Francisco*, 16 Cal. 639.) The burden of proving the contrary was upon the appellant, and it is not competent for him, after having allowed the evidence to be introduced without objection and without attempting to impeach its genuineness or sufficiency, to make upon appeal an objection which was not presented at the trial, and which might have been obviated if objection had then been made. (*Chouquette* v. *Barada*, 28 Mo. 497; *Poorman* v. *Mills*, 35 Cal. 121; 95 Am. Dec. 90; *Bullard* v. *Stone*, 67 Cal. 482.) The subsequent admission in evidence of what purported to be a formal assignment to the plaintiff of the notes and mortgages, even if erroneous, was a harmless error, as the assignment had already been sufficiently shown.

The motion for a nonsuit was properly denied. The admission of the notes with their indorsements was evidence before the court of the plaintiff's title thereto

and right to maintain the action, and his production of the notes at the trial was evidence that they had not been paid.

At the trial it was shown by the appellant that the assignment from the bank to the plaintiff was made at the instance of the defendant Lyford, and that he (Lyford) furnished the money which was paid therefor to the bank. Upon these facts, it is urged by the appellant that Lyford is the real party in interest, and that inasmuch as by section 1617 of the Code of Civil Procedure an administrator is forbidden to purchase a claim against the estate he represents, the legal effect of the transaction was to operate as a payment of the notes, and consequent release of the mortgage liens.

Whether the plaintiff is the real party in interest, or whether the defendant Lyford is the beneficial owner of the notes and mortgages, is immaterial to the appellant, and is not available to him as a defense herein. No allegation in reference thereto was made by him, and if he has any defense against Lyford which he would not have against the plaintiff, or if the assignment to Lyford would have given to the appellant greater rights than did the assignment to the plaintiff, it was incumbent upon him to make such allegation in his answer. (*Poorman* v. *Mills*, 35 Cal. 121; 95 Am. Dec. 90.) The assignment of the notes to the plaintiff *prima facie* vested him with the title thereto, and the right to bring the action; and if the appellant would question this right, it constituted matter of defense which he should have alleged.

We do not think that the provisions of section 1617 of the Code of Civil Procedure have any application to the facts of the present case, or can be invoked by the appellant to defeat the action for the foreclosure of the mortgages.

If an administrator, with the desire of protecting the estate which he represents against a sacrifice of its property under the foreclosure of a mortgage, should, in case there were no funds of the estate in his hands, advance his own funds with which to relieve the property from

such sacrifice, and take a transfer of the debt to himself, a probate court would be justified in allowing him, upon the settlement of his accounts, the amount so paid for the benefit of the estate; and the transaction would not be vitiated if, at his request, the transfer should be made to another instead of to himself. It might for many reasons be for the benefit of the estate, either for the purpose of maintaining some claim in its behalf, arising out of such debt, or for preserving some right in reference to the property affected by the debt, that the debt should not be extinguished. Such transaction of the administrator could always be questioned by the heir, or others who might have an interest in the estate, but not by a stranger. In the present case, inasmuch as the integrity of Lyford in procuring the assignment to Burnett is not questioned by Judson, either by allegation or by evidence, and as the court below sustained the transaction, we must hold that if his acts could, under any state of facts, be sustained as valid, they must be referred to such facts, rather than be held invalid from the mere circumstance that he furnished the money with which the transfer was made to Burnett. His acts, in the absence of any evidence impeaching their character, must be held legal, rather than illegal. As the representative of the two estates, Lyford was justified in taking such steps for their protection from the enforcement of the mortgages against the property as would preserve the rights and obligations of the respective estates towards each other, and as would also compel Judson to discharge that portion of the encumbrance which in equity devolved upon him to discharge by virtue of his having succeeded to the interest of Thomas. The advancement by Lyford of the money, and the procuring of the assignment to be made to Burnett for the purpose of enabling him to effect this result, was within the line of his authority as administrator of the two estates, and must be construed as within the exercise of his duties as such administrator, rather than as a "purchase" of

the claim within the meaning of section 1617 of the Code of Civil Procedure.

The case of *Jones* v. *Hanna*, 81 Cal. 507, invoked in support of the contention of appellant, is inapplicable. In that case the plaintiffs purchased the property of the estate of Hanna under an express agreement with the administratrix that the purchase should be for her individual benefit, and the transaction was held to be invalid, for the reason that it was indirectly a *purchase* by the administratrix of the property of the estate she represented, and therefore in violation of the express terms of section 1576 of the Code of Civil Procedure.

The order is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.