[S. F. No. 1601.   Department Two. — March 1, 1901.]

## EDWIN J. MILLS, Respondent, v. BOYLE MINING COMPANY, Appellant.

CORPORATION — EXECUTION OF NOTE — CORPORATE SEAL — PRIMA FACIE EVIDENCE — SUPPORT OF FINDING. — A note, signed by the proper officers of a corporation, and having the seal of the corporation attached, is, of itself, *prima facie* evidence of the authority of the officers, and of its due execution by them, and is sufficient to support a finding that the note was duly executed.

ID. — RESOLUTION OF DIRECTORS — ABSENCE OF DIRECTOR — PRESUMPTION OF NOTICE. — A resolution of the directors, authorizing the execution of the note, is not defective, merely because it recites the absence of one of the directors. If there is not sufficient evidence to the contrary, it will be presumed that proper notice of the meeting was given to the absent director.

ID. — CONSIDERATION OF NOTE — LOAN OF MONEY — RETENTION BY CORPORATION — KNOWLEDGE OF INTERESTED PARTIES — PRESUMPTION — RATIFICATION. — Where the consideration of the note in suit was money loaned to the corporation by the payee, of which the corporation received and retained the benefit, and the directors who authorized the note represented the entire stock, save one share represented by the absent director, and the transaction appeared fully upon the books of the corporation, it must be presumed that the absent director acquired knowledge of it; and the retention of the consideration of the note by the corporation, with full knowledge of all parties interested, operated as a ratification of the authority of the agents who executed the note.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Naphtaly, Freidenrich & Ackerman, for Appellant.

Without notice to the absent director, the board was not duly convened, and it could not perform a corporate act. (*Harding* v. *Vandewater*, 40 Cal. 77; *Thompson* v. *Williams*, 76 Cal. 153;[1] *Alta Silver M. Co.* v. *Alta Mining Co.*, 78 Cal. 632; *Gashwiler* v. *Willis*, 33 Cal. 11;[2] *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 543;[3] *San Buenaventura Mfg. Co.* v. *Vassault*, 50 Cal. 534; *Smith* v. *Dorn*, 96 Cal. 73.)

[1] 9 Am. St. Rep. 187.         [3] 99 Am. Dec. 300, and note.
[2] 91 Am. Dec. 607.

T. M. Osmont, and F. J. French, for Respondent.

Notice to the absent director is to be presumed, where the contrary does not affirmatively appear. (*Granger* v. *Original Empire etc. Co.*, 59 Cal. 681, 682; *Sargent* v. *Webster*, 13 Met. 497;[4] 4 Thompson on Corporations, 5106, 5107.) The corporation seal attached to the note was alone *prima facie* evidence of the authorization and due execution of the note, and the burden of proof was upon the defendant to overturn the presumption. (*Underhill* v. *Santa Barbara Co.*, 93 Cal. 301; *Crescent City Wharf etc. Co.* v. *Simpson*, 77 Cal. 286, 290; *Burnett* v. *Lyford*, 93 Cal. 115; *Schallard* v. *Eel River etc. Co.*, 70 Cal. 144; *Fidelity Ins. etc. Co.* v. *Shenandoah Valley R. R.*, 32 W. Va. 244.) The presumption is not overcome by the mere fact that no vote of the directors authorizing it is shown. (*Fidelity Ins. etc. Co.* v. *Shenandoah Valley R. R.*, *supra*; *Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 183.[5]) The execution of the note was ratified by the retention of the consideration by the corporation, without any repudiation of the transaction appearing upon the books, by any director or person interested, and the corporation is estopped to question its liability upon the note. (4 Thompson on Corporations, 5106, 5107, 5246–5248, 5258; *Underhill* v. *Santa Barbara Co.*, 93 Cal. 300, 311, 312; *Gribble* v. *Columbus etc. Co.*, 100 Cal. 67; *Main* v. *Casserly*, 67 Cal. 127; *Allen* v. *Citizens' Steam Nav. Co.*, 22 Cal. 28; *Shaver* v. *Bear River etc. Co.*, 10 Cal. 396; *Pixley* v. *Western Pac. R. R. Co.*, 33 Cal. 183;[6] Civ. Code, secs. 1589, 2310; *Kelsey* v. *National Bank*, 69 Pa. St. 429; *Pittsburg R. R. Co.* v. *Keokuk Bridge Co.*, 131 U. S. 371; *Ind. Rolling Mill* v. *St. Louis Ry. Co.*, 120 U. S. 256; *Union Pacific Ry. Co.* v. *Chicago etc. Ry. Co.*, 51 Fed. Rep. 327; *Sherman Center etc. Co.* v. *Morris*, 43 Kan. 282;[7] *Sherman* v. *Fitch*, 98 Mass. 59; *Scott* v. *Methodist Church*, 50 Mich. 528; *Dewey* v. *Toledo R. R.*, 91 Mich. 351; *Lyndeborough Glass Co.* v. *Massachusetts Glass Co.*, 111 Mass. 315; *Manhattan Co.* v. *Phalen*, 128 Pa. St. 110; *Union Gold M. Co.* v. *Rocky Mountain Nat. Bank*, 96 U. S. 640.)

SMITH, C.—The suit was brought by the plaintiff, as assignee of Gonsales, to recover the sum of $14,066.91 and interest, alleged to be due on a promissory note made to the latter

----

[4] 46 Am. Dec. 743.          [6] 91 Am. Dec. 623.
[5] 91 Am. Dec. 623.          [7] 19 Am. St. Rep. 134.

by the defendant. The answer denies the execution of the note, and also alleges a lack or failure of consideration to the extent of four thousand dollars. The judgment was in favor of the plaintiff for the balance due on the note after a rebate of something less than four thousand dollars allowed by the court. The appeal is from an order denying the defendant's motion for a new trial. The ground of the motion was alleged insufficiency of the evidence to justify the finding that the note was duly executed, the specific objection being that one of the directors was not present at the meeting at which the note was authorized, nor notified of the meeting.

The finding on this point was, I think, justified by the evidence. The note, signed by the proper officers, and with the seal of the corporation attached, was itself *prima facie* evidence of the authority of the officers and of its due execution by them. (*Underhill* v. *Santa Barbara etc. Co.*, 93 Cal. 314; *Burnett* v. *Lyford*, 93 Cal. 117; *Wharf and Lumber Co.* v. *Simpson*, 77 Cal. 290; *Schallard* v. *Eel River Nav. Co.*, 70 Cal. 146.) The resolution of the board of directors, showing the nature of the transaction and authorizing the execution of the note, was also in evidence. In this, indeed, the absence of one of the directors (Mr. Barney) is recited; but, in the absence of evidence to the contrary, it will be presumed that proper notice was given. (*Balfour-Guthrie Co.* v. *Woodworth*, 124 Cal. 172, and cases cited.) The evidence introduced by the defendant to overcome this presumption was by no means conclusive. Boyle, one of the directors, testified that on the day of the meeting Gonsales had agreed to loan four thousand dollars to the defendant, and that the meeting took place immediately thereafter, — only a few minutes intervening. And Osborn, Jr., testified to the same effect, and also that "no opportunity was given to Mr. Gonsales to notify any director." But *non constat* that Barney — who had a desk in the president's room, which adjoined the room where the meeting was held, — was not then notified by the president, or that previous notice had not been given either by the president or Gonsales. Boyle's testimony would, indeed, seem to imply that the meeting was determined on only upon the agreement of Gonsales to make the loan. But the parties had been engaged in negotiating this and other matters for four or five days, and the meeting during all this period was in contemplation. For on another occasion, at

which Osborne, Sen., the president, was present, Gonsales agreed to loan the money, and Osborne said he would call a meeting. The testimony of Boyle and Osborne, Jr., does not negative the presumption of notice; and in the absence of testimony from Osborne, Sen., and from Barney himself,—who of all men was most competent to speak on the subject,—the court was right in disregarding it; or, at least, we cannot say it was wrong.

There are other grounds, also, on which the decision of the court must be upheld. The consideration for the note, including the four thousand dollars borrowed at the time, was received by the defendant. The directors conducting the business were the owners of all the stock of the corporation, except, possibly, one share transferred to Barney to qualify him as director. Under these circumstances, the point is made that his presence was unnecessary, and that his absence did not affect the validity of the action of the board. But, without passing on this question, it is to be presumed from the fact that the transaction appears fully in the books of the corporation, that Barney subsequently acquired notice of it. The case is then presented of a corporation receiving and retaining the consideration of a contract with full knowledge on the part of all interested; which must operate as a ratification of the authority of its agents. (Civ. Code, sec. 2307; *Phillips* v. *Sanger Lumber Co.*, 130 Cal. 431.)

The order appealed from should therefore be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.