GEORGE W. QUACKENBOSS, Appellant, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent.

CORPORATIONS — EXECUTION OF CONTRACT BY OFFICERS OF — CORPORATE SEAL PRIMA FACIE EVIDENCE THAT OFFICERS HAD POWER TO EXECUTE THE SAME. Where the plaintiff has proved, in an action brought upon a contract, that the contract was signed by the president and secretary of the corporation alleged to have made the contract, and that the seal of the corporation was affixed thereto, it is reversible error to exclude the contract, when offered in evidence, since it will be presumed that the officers of the corporation did not exceed their power, as the seal is *prima facie* proof that it was attached by the proper authority, and it lies with the party objecting to its execution to show that it was affixed surreptitiously or improperly.

Quackenboss v. *Globe & R. F. Ins. Co.,* 77 App. Div. 168, reversed.

(Argued December 10, 1903; decided December 18, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 26, 1902, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

This action was brought to recover damages for the breach of an alleged contract between the plaintiff and the Rutgers Fire Insurance Company, which company was subsequently consolidated with the Globe Insurance Company and the obligations of the former assumed by the defendant.

*Frederick Seymour* and *Frederick B. Maerkle* for appellant. It was error to exclude the contract which is the basis of the action. (Cook on Corporations [4th ed.], 1539, § 722; *Trustees, etc.,* v. *McKechnie,* 90 N. Y. 618; *N. E. I. Co.* v. *G. El. R. R. Co.,* 91 N. Y. 153; *Jourdan* v. *L. I. R. R. Co.,* 115 N. Y. 381; *Whitney* v. *U. T. Co.,* 65 N. Y. 576; *People's Bank* v. *S. A. R. C. Church,* 109 N. Y. 512; *Koehler* v. *Hubby,* 68 U. S. 715; *Paterson* v. *Robinson,* 116 N. Y. 193; *Hastings* v. *Ins. Co.,* 138 N. Y. 473; *Oaks* v. *Cattaraugus Co.,* 143 N. Y. 430.)

*W. P. Prentice* for respondent.  Sufficient evidence was introduced to negative any possible presumption in favor of the proposed contract.  (*Carney* v. *N. Y. L. Ins. Co.,* 162 N. Y. 453; *Caldwell* v. *M. R. F. L. Assn.,* 53 App. Div. 245; *Camacho* v. *H. B. N. E. Co.,* 2 App. Div. 373; *Sage* v. *Culver,* 147 N. Y. 247.)

MARTIN, J.  On the trial the plaintiff, after proving that the contract upon which the action was based was signed by the president and secretary of the Rutgers Insurance Company, for whose debts and obligations the defendant was liable, and that the corporate seal of the company was affixed thereto, offered it in evidence.  It was rejected and the plaintiff excepted. We think the exception was well taken and constituted error which requires a reversal.

It is an ancient and well-established rule of law that where the seal of a corporation is affixed to a contract or written instrument, to which such corporation is a party, and it is signed by the president and secretary or other proper officers, it will be presumed that such officers did not exceed their powers, as the seal is *prima facie* proof that it was attached by proper authority, and it lies with the party objecting to its execution to show that it was affixed surreptitiously or improperly.  (*Whitney* v. *Union Trust Co. of New York,* 65 N. Y. 576; *Trustees of Canandarqua Academy* v. *McKechnie,* 90 N. Y. 618; *Jourdan* v. *Long Island R. R. Co.,* 115 N. Y. 380, 384; *Lovett* v. *Steam Saw Mill Assn.,* 6 Paige Ch. 54, 60.)

It is manifest that there was no sufficient proof overcoming the presumption arising from the execution of the contract in question to justify the court in excluding it.  Whatever proof was given as to the regularity of the contract bore not upon its admissibility, but upon its effect when received.  The court could not improperly exclude the plaintiff's most material and important evidence, indeed, that which was the very basis of his action, and then, because he had not made sufficient proof to sustain his complaint, hold that the erroneous ruling should

be disregarded.    Such a claim finds no justification in law. When the plaintiff was refused his legal right to have the contract admitted, he was not required, nor would he be expected, to introduce other proof to establish his cause of action.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT and CULLEN, JJ., concur; O'BRIEN, J., dissents; HAIGHT, J., absent.

Judgment reversed, etc.