### BROWER v. CRIMMINS.

(Supreme Court, Appellate Term. March 10, 1910.)

1. CORPORATIONS (§ 432*)—ASSIGNMENT OF JUDGMENT—EXECUTION BY PRESIDENT—AUTHORITY—PRESUMPTION.

An assignment of a judgment, properly drawn and executed by a corporation in its own name by its president, and bearing its corporate seal, is presumptively authorized.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1728, 1729; Dec. Dig. § 432.*]

2. ASSOCIATIONS (§ 18*)—ASSIGNMENT OF JUDGMENT—EXECUTION BY PRESIDENT—AUTHORITY—PRESUMPTION.

An assignment under seal of a judgment in favor of an unincorporated association, executed by its president, is not presumptively authorized.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 32–34; Dec. Dig. § 18.*]

3. ASSOCIATIONS (§ 4*)—PRESUMPTIONS AS TO SEAL.

An unincorporated association is not presumed to have a seal.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 3; Dec. Dig. § 4.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. ASSOCIATIONS (§ 1*)—NATURE AS LEGAL ENTITY—APPOINTMENT OF AGENTS.

 An unincorporated association is not regarded as a legal entity, and it necessarily follows it cannot as such appoint or have an agent, though the members may do so for themselves as individuals, and are in such case joint principals.

 [Ed. Note.—For other cases, see Associations, Cent. Dig. § 1; Dec. Dig. § 1.*]

5. ASSOCIATIONS (§ 18*)—UNINCORPORATED ASSOCIATIONS—CONTRACT LIABILITY OF MEMBERS.

 An unincorporated association is not a "partnership," and, to render a member liable as a principal on contracts made by persons or committees who manage and assume to act for it, it must be shown that they are expressly or impliedly authorized to represent and bind him.

 [Ed. Note.—For other cases, see Associations, Cent. Dig. § 34; Dec. Dig. § 18.*

 For other definitions, see Words and Phrases, vol. 6, pp. 5191–5202; vol. 8, pp. 7746, 7747.]

Appeal from City Court of New York, Trial Term.

Action by John A. Brower against John J. Crimmins. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Joyce & Hoff (Michael J. Joyce and Almeth W. Hoff, of counsel), for appellant.

Henry C. Quinby (John F. Valieant, of counsel), for respondent.

PER CURIAM. This is an appeal from a judgment in favor of plaintiff for $859.44 and from an order denying the defendant's motion for a new trial. The action is brought upon a judgment obtained in the "law and equity court of Mobile," Ala., rendered at the October, 1907, term, against the defendant herein, John J. Crimmins, for the sum of $1,110. The appellant relies upon the ground "that no valid assignment of the said Alabama judgment was ever proven."

The alleged assignment reads as follows:

"Whereas, on the 14th day of April, 1909, at a meeting of the Mobile Printing Pressmen and Assistants' Union, No. 100, of the I. P. P. & A. U. of N. A. of Mobile, Alabama, it was moved by R. J. Gibbons that George W. Jones, as president, * * * be authorized and instructed by said Mobile Printing Pressmen and Assistants' Union, No. 100, * * * to assign, transfer, and set over to John H. Brower, of the city of New York, all balance due on a claim or claims of every sort and nature, including any judgment, belonging to said Mobile Printing Pressmen and Assistants' Union * * * against Patrick J. Mooney and John J. Crimmins, or either of them, arising or growing out of a certain contract; * * * and whereas, said motion was seconded by Milton Jump, and the motion as made and seconded was put to the meeting by the president and unanimously adopted: Now, therefore, in consideration of the premises aforesaid, and in pursuance to the instructions and authorization above set forth, I, George W. Jones, as president, * * * do hereby assign, transfer, and set over to John H. Brower, of the city of New York, all balance due on a claim or claims of every sort and nature, including any judgment, belonging to the said Mobile Printing Pressmen and Assistants' Union * * * against Patrick J. Mooney and John J. Crimmins, or either of them, arising or growing out of a certain contract, * * * a copy of which contract is hereto annexed and marked 'Exhibit A.' "

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appellant claims that the assignment is defective, in that it does not appear from the alleged assignment where the meeting was held, how many members attended, whether it was a regular meeting, or a special meeting regularly called for that purpose, or whether a quorum was present; that no resolution of the association is attached, signed or duly authenticated by the proper officers of the association, and the acknowledgment does not show that the instrument was executed in pursuance of the direction of the association or its governing body, or that the seal was affixed by any like authority, or even that it is the seal of said association; that the record of the Alabama judgment shows the plaintiff and the judgment creditor to be "Mobile Printing Pressmen and Assistants' Union, No. 100, of the International Printing Pressmen and Assistants' Union of North America," while the alleged assignment, in the body thereof and as executed, describes the assignor as Mobile Printing Pressmen and Assistants' Union, No. 100, of the I. P. P. & A. U. of N. A., of Mobile, Alabama; that the assignee named in the alleged assignment is John H. Brower, while the plaintiff herein is John A. Brower; that there is no allegation or proof that the plaintiff herein is the same person mentioned and described in the said agreement as John H. Brower; that no evidence was presented of a valuable consideration for the making of the assignment. It does not appear whether the labor union which was the original judgment creditor was a corporation or an unincorporated association; nor are we informed as to whether the Alabama procedure permits an action to be brought by an unincorporated association under its own name. The notarial certificate to the assignment recites that the judgment creditor is "an unincorporated association."

If it was a corporation, an assignment properly drawn and executed in its own name by the president, and bearing the seal of the corporation, would be presumptively authorized. Quackenboss v. Globe Insurance Co., 177 N. Y. 71, 69 N. E. 223; Gause v. Commonwealth Trust Co., 196 N. Y. 134, 89 N. E. 476. No such presumption arises in the case of an unincorporated association, nor is such an association presumed to have a seal. Such an association is not regarded as a legal entity, and it necessarily follows that the club or association, as such, cannot appoint or have an agent. The members may appoint an agent; but in such a case he is the agent of the members as individuals. They are joint principals. Such an association is not a partnership, and to render a member liable as a principal on contracts made by the persons or committees who manage and assume to act for the association, it must be shown that they are expressly or impliedly authorized to represent and bind him. Clark & Skyles on the Law of Agency, § 91. A contrary rule would cause great confusion and injustice, on account of the informal character of these associations, as illustrated by those under consideration in McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204; Ostrom v. Greene, 161 N. Y. 353, 55 N. E. 919. Probably it would be found common among labor unions that no single person or officer would have power to assign the property of the association, but that such power would be confined to the members in good standing at the time of the assignment, acting in

open meeting, as in Brown v. Stoerkel, 74 Mich. 269, 41 N. W. 921, 3 L. R. A. 430.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.