<hr />

(December 28, 1910.)

# E. A. ROWLEY, Respondent, v. STACK-GIBBS LUMBER CO., a Corporation, Appellant.

[112 Pac. 1041.]

SALE OF LOGS—CORPORATION—CONTRACT BY BOOKKEEPER OF—RATIFICATION OF CONTRACT—VERDICT OF JURY—TECHNICAL ERRORS AND DEFECTS—SUBSTANTIAL RIGHTS—INSTRUCTIONS.

(Syllabus by the court.)

1. Where a contract for the purchase of sawlogs was made with the bookkeeper of a corporation and the corporation had the logs scaled or measured, and received them, the corporation thereby ratified the contract made by its bookkeeper and is liable to the seller for the contract price of the logs.

2. A corporation like a natural person may ratify any act which it can perform.

3. Under the provisions of sec. 4231, Rev. Codes, where technical errors or defects in the proceedings or trial occur which do not affect the substantial rights of the parties, the judgment must not be reversed by reason of such errors or defects.

4. *Held,* that no substantial rights of the appellant have been affected by the technical errors that appear in the record.

5. *Held,* that the corporation having ratified the contract and received the benefits of it, it must perform its part thereof.

6. The instructions contain a clear and concise statement of the law of the case, and, taken as a whole, are sufficient.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.    Hon. Robert N. Dunn, Judge.

Action to recover the purchase price for sawlogs.    Judgment for plaintiff.    *Affirmed.*

Edwin McBee and E. N. La Veine, for Appellant.

The ratification of an act of an agent previously unauthorized must, in order to bind the principal, be with a full knowledge of all the material facts.    If the material facts be either suppressed or unknown, the ratification is treated as invalid because founded in mistake or fraud.    (*Owings v. Hull*, 9 Pet. (U. S.) 608, 9 L. ed. 246; *Billings v. Morrow*, 7 Cal. 175, 68 Am. Dec. 235; *Bank v. Drake*, 29 Kan. 311, 44 Am. Rep. 646; *Combs v. Scott*, 12 Allen (Mass.), 496; *Seymour v. Wyckoff*, 10 N. Y. 223; Story on Agency, 239; 4 Thompson, Corp., 5306; *Pac. Rolling Mill v. D. S. & G. R. Ry. Co.*, 5 Fed. 853, 7 Saw. 61; *Smith v. Tracy*, 36 N. Y. 82; *Schutz v. Jordan*, 32 Fed. 55; *Penn. etc. Nav. Co. v. Dandridge*, 8 Gill & J. (Md.) 248, 29 Am. Dec. 543.)

Robert H. Elder and Edgar S. Elder, for Respondent.

A corporation like a natural person may ratify any act which it can perform.    (*Oregon R. Co. v. Oregon Ry. & Nav. Co.*, 28 Fed. 505; *Toppan v. Cleveland C. & C. Ry. Co.*, Fed. Cas. No. 14,099; *Manville v. Belden Min. Co.*, 17 Fed. 425, 5 McCrary, 391; *Peterborough Ry. Co. v. Nashua & L. R. Co.*, 59 N. H. 385.)

A corporation which accepts the benefit of a contract by its officers without authority is estopped from denying the authority of its officers if the contract is one that the corporation is authorized to make.    (*Pittsburg etc. Co. v. Keokuk etc. Co.*, 131 U. S. 371, 9 Sup. Ct. 770, 33 L. ed. 157; *Fister v. La Rue*, 15 Barb. 323; *Halstead v. Dodge*, 1 How. Pr., N. S., 170; *Morrell v. Long Island Ry. Co.*, 1 N. Y. Supp. 65; *Merchants' Bank v. Central Bank*, 1 Ga. 418, 44 Am. Dec. 665; *Canal Co. v. Hawkins*, 4 Ind. 474.)

Where a corporation has received the benefits of the contract, it must perform its part of it.  (*De Groff v. A. M. L. T. Co.,* 21 N. Y. 127; *Scott v. N. W. & W. G. R. Co.,* 86 N. Y. 200; *Kickland v. Menasha Wooden Ware Co.,* 68 Wis. 34, 60 Am. Rep. 837, 31 N. W. 471.)

SULLIVAN, C. J.—This action was brought to recover the sum of $579.20 and interest thereon for logs alleged to have been sold and delivered to the appellant corporation. It is alleged that the logs were sold in the month of November, 1907, and were delivered during the months of March, April and May, 1908; that there were 60,968 feet of logs delivered, for which the appellant agreed to pay $9.50 per thousand.

The defendant by answer denied the purchase and the receipt of the logs and denied any indebtedness in any amount.  During the trial it was admitted that the logs in question were delivered to the defendant corporation and were received by it, but they seek to avoid payment on the ground that the plaintiff had no title to the logs, and for the further reason that the agent dealing with the plaintiff had no right or authority to purchase said logs.

The case was tried with a jury and verdict and judgment found and entered for the amount above stated.  A new trial was denied and this appeal is from the judgment and said order.  Thirty-nine errors are assigned, most of which are in regard to the rejection and admission of testimony.

It appears from the record that the contract for the sale of the logs was made with one Cleland, the bookkeeper of the appellant company, and it is contended that he was not authorized to enter into such contract; but it appears from the evidence that after the contract was entered into, the corporation sent a man to scale or measure the logs and received them, and under a well-established rule when a corporation accepts or ratifies a contract made by an unauthorized person, it becomes the contract of the corporation.  The evidence clearly shows that by having the logs measured and receiving them under the contract made by its bookkeeper, it ratified the transaction.  It appears that the appellant,

after learning of the transaction through its bookkeeper, Mr. Cleland, sent its scaler into the timber and scaled the logs so purchased and at numerous times afterward through its secretary promised to pay for said logs, and through its president agreed to settle with the respondent for the logs on such terms as the attorney acting for the corporation and respondent should agree upon. A corporation like a natural person may ratify any act which it can perform. (*Oregon Ry. Co. v. Or. Ry. & Nav. Co.*, 28 Fed. 505.)

It is contended, however, that the corporation was not advised of all of the facts in regard to the transaction, and could not ratify it for that reason. There is nothing in that contention.

It is contended that the appellant purchased the same logs from the son of the respondent and advanced him $50 on the logs. The son appeared and testified for the father to the effect that he had sold the logs to his father, and the appellant admits that it agreed to pay the son the same price for the logs that is here sued for.

We are fully satisfied that the jury arrived at a correct verdict in this case, although we concede there were some technical errors made by the court in the trial of the case. We are admonished by the provisions of sec. 4231, Rev. Codes, that the court must in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect. No substantial rights of the appellant have been affected by the technical errors that we find in the record. The corporation having received the benefits of the contract, it must perform its part thereof.

The giving of certain instructions is assigned as error. We think the instructions as a whole fairly covered the case, and were a clear and concise statement of the law of the case. The record shows that in the trial, justice has been done between the parties. The judgment will therefore be affirmed. and costs are awarded to the respondent.

Ailshie, J., concurs.