AMERICAN CONTRACTOR PUB. CO. v. MICHAEL NOCENTI CO.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATION—"DOING BUSINESS" IN THE STATE.

Where orders for special building reports were sent to a Chicago publishing company having no capital invested in New York, but having an office there for soliciting business, the transaction did not constitute "doing business" in New York by the publishing company, within General Corporation Law (Consol. Laws 1909, c. 23) § 15, requiring foreign corporations doing business in the state to obtain a certificate and pay a license tax.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. §·642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the American Contractor Publishing Company against the Michael Nocenti Company. From judgment for defendant, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

George Ryall, of New York City, for appellant.

Moses Weill, of New York City, for respondent.

PER CURIAM. The complaint was dismissed upon the ground that the plaintiff was a foreign corporation doing business in this state without authority. The plaintiff publishes a trade journal in the city of Chicago, and has an office in the city merely for the purpose of collecting news and soliciting contracts for advertisements and for certain trade reports. The orders for special building reports, upon which this action was brought, were sent to Chicago and filled from there. The plaintiff has no capital invested here, and is not doing business within this state within the meaning of section 15 of the General Corporation Law. American Contractor Publishing Co. v. Bagge (Sup.) 91 N. Y. Supp. 73. If the person who signed the contract on defendant's behalf did not have authority, the contract was accepted and ratified by the defendant.

Judgment reversed, with costs, and judgment directed for the plaintiff for $95 and costs.