(December 11, 1926.)

PORTLAND CATTLE LOAN COMPANY, a Corporation, Respondent, v. HANSEN LIVESTOCK & FEEDING COMPANY, a Corporation, et al., Defendants, and CHARLES ZIEMER and ACTON LIND, Trustees in Bankruptcy of HANSEN LIVESTOCK & FEEDING COMPANY, an Involuntary Bankrupt, Appellants.

[251 Pac. 1051.]

CORPORATIONS—CORPORATE NOTE AND MORTGAGE—EXTENSION OF TIME— CONSIDERATION — RATIFICATION — MORTGAGE YEAR BEFORE BANK- RUPTCY NOT A GENERAL ASSIGNMENT OF CORPORATE PROPERTY— TRANSACTION OF FOREIGN CORPORATION HELD NOT "DOING BUSI- NESS WITHIN STATE."

1. One alleging that corporate note and mortgage were void because of lack of resolution authorizing president and secretary to execute them has burden of overcoming presumption that officers did not exceed their authority arising on notes and mortgage being placed in evidence with proof of signature by proper officers.

2. Where corporation received money represented by notes, it is immaterial whether mortgage was given to secure loan made at time of its execution or to secure pre-existing indebtedness.

3. Where private corporation received and retained benefits of unauthorized or illegal transaction on part of its board of directors, such conduct amounts to ratification.

4. Extension of time by creditor within which to pay old obligation is as much a consideration and as much an extension of credit as granting a new loan.

5. Corporation has right to ratify acts of its officers, although improperly done, and such ratification relates back to original act, and makes it valid from beginning.

6. Execution of mortgage by corporate officers on small portion of corporate property approximately year before bankruptcy did not constitute general assignment of corporate property.

7. Foreign corporation, securing note from Utah corporation secured by mortgage on real estate situated in Idaho, whole trans- action being consummated at home office of foreign corporation, was not "doing business within state" of Utah so as to require compliance with Comp. Laws Utah 1917, secs. 945, 947.

8. Mere taking of application for loans by agent of foreign corporation, and forwarding same to home office, there to be ap-

proved or disapproved, does not constitute "doing business within state" so as to come within statutes regulating foreign corporations.

9. Where there is conflict in evidence, findings or judgment of trial court will not be disturbed.

APPEAL from the District Court of the Fifth Judicial District, for Caribou County. Hon. O. R. Baum, Judge.

Action to foreclose mortgage on real property. Judgment for plaintiff. *Affirmed.*

A. W. Hart and Whitcomb, Cowen & Clark, for Appellants.

The notes and mortgage were not the authorized acts of Hansen Livestock and Feeding Co. (*Cupit v. Park City Bank*, 20 Utah, 292, 58 Pac. 839; 3 Fletcher, Corporations, secs. 1751, 1854; *Lochwitz v. Pine Tree M. & M. Co.*, 37 Utah, 349, 108 Pac. 1128; *Alta Silver Mining Co. v. Alta Placer Mining Co.*, 78 Cal. 629, 21 Pac. 373; *Luse v. Isthmus Transit & R. Co.*, 6 Or. 125, 25 Am. Rep. 506; *Stokes v. New Jersey Pottery Co.*, 46 N. J. L. 237.)

The burden of proving authority of the signers to bind the corporation on these notes and mortgage is on the plaintiff, defendant corporation having denied their execution and their validity. (*Brown v. Tourtelotte*, 24 Colo. 204, 50 Pac. 195.)

**Publisher's Note.**

5. See 7 R. C. L. 662.

8. What constitutes doing business within the meaning of statutes relating to foreign corporations, see note in Ann. Cas. 1913E, 1156. See, also, 12 R. C. L. 76.

9. See 2 R. C. L. 204.

See Appeal and Error, 4 C. J., sec. 2855, p. 883, n. 33.

Corporations, 14 C. J., sec. 2232, p. 373, n. 88; sec. 2241, p. 387, n. 40; sec. 2246, p. 392, n. 69, 70; sec. 2652, p. 658, n. 52; sec. 2668, p. 668, n. 4; sec. 2746, p. 709, n. 25; sec. 3114, p. 924, n. 44; sec. 3991, p. 1283, n. 92, 94.

Mortgages, 41 C. J., sec. 203, p. 387, n. 64.

There was no ratification by the Hansen Livestock & Feeding Co. of the unauthorized acts of its officers in signing these notes and mortgage, either express or implied. (4 Fletcher, Corporations, sec. 2186, and cases cited.)

There was no estoppel *in pais* or in law. Estoppel must be alleged to be relied upon and plaintiff has not pleaded estoppel. (*Leland v. Isenbeck*, 1 Ida. 469; Bigelow on Estoppel, 6th ed., p. 603.)

The plaintiff corporation, at the time these notes and mortgage were given and taken, was a foreign corporation unlawfully doing business in Utah, within the meaning of the Utah statute. (*First Nat. Bank of Price v. Parker*, 57 Utah, 290, 194 Pac. 661; *In re Conecuh Pine Lbr. & Mfg. Co.*, 180 Fed. 249; *United States Sav. & Loan Co. v. Miller* (Tenn.), 47 S. W. 17; *Commonwealth v. Chattanooga Implement & Mfg. Co.*, 126 Ky. 636, 104 S. W. 389; *Connecticut Mut. Life Ins. Co. v. Spratley*, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; *Diamond Glue Co. v. United States Glue Co.*, 187 U. S. 611, 23 Sup. Ct. 206, 47 L. ed. 328; *Peck-Williamson Heating etc. Co. v. McKnight*, 140 Tenn. 563, 205 S. W. 419; *Michigan Trust Co. v. Bronson*, 192 Cal. 506, 221 Pac. 628; *Chattanooga Nat. Bldg. & Loan Assn. v. Denson*, 189 U. S. 408, 23 Sup. Ct. 680, 47 L. ed. 870; *British-American Mtg. Co. v. Jones*, 77 S. C. 443, 58 S. E. 417; *People's Building, Loan & Sav. Assn. v. Markley*, 21 Ind. App. 128, 60 N. E. 1013; *Republic Acceptance Corp. v. Bennett*, 220 Mich. 249, 189 N. W. 901; *Donaldson v. Thousand Springs Power Co.*, 29 Ida. 735, 162 Pac. 334.)

The contract sued upon is therefore void. (*First Nat. Bank of Price v. Parker, supra; Chattanooga B. & L. Co. v. Denson, supra; In re Conecuh Pine Lbr. & Mfg. Co., supra.*)

The act of the plaintiff's president in going to Utah for the purpose of having the notes and mortgage completed and signed in Utah was an act in furtherance of and in connection with its business, so that even if taken alone it would be in contravention of the Utah statute. (Note, Ann. Cas. 1912A, p. 556; *John Deere Plow Co. v. Wyland*, 69 Kan. 255; 76 Pac. 863; *International Text Book Co. v. Mueller*, 149 Ill.

App. 509; *Welling's Estate,* 192 Cal. 506, 221 Pac. 628; *Van Schuyver Co. v. Breedman,* 5 Alaska, 260; *Miellmier v. Toledo Scale Co.,* 128 Ark. 211, 193 S. W. 497; *National Merc. Co. v. Watson Corporation Commr.* (Or.), 215 Fed. 929; *Dungan Hood & Co., Inc., v. C. F. Bally, Ltd.,* 271 Fed. 517.)

The acceptance out of the state did not change the character of the transaction. (*American Case Register Co. v. Griswold,* 206 N. Y. 723, 100 N. E. 1124.)

Merrill & Merrill, for Respondent.

A written contract, complete on its face, which recites that it is a corporate contract and which has the seal of the corporation attached, is *prima facie* evidence that such contract is the act of the corporation. (*Quackenboss v. Globe & Rutgers Fire Ins. Co.,* 177 N. Y. 71, 69 N. E. 223; *Mills v. Boyle Mining Co.,* 132 Cal. 95, 64 Pac. 122; *Underhill v. Santa Barbara Land, Bldg. & Imp. Co.,* 93 Cal. 300, 28 Pac. 1049; *Burnett v. Lyford,* 93 Cal. 114, 28 Pac. 855; *Schallard v. Eel River Steam Nav. Co.,* 70 Cal. 144, 11 Pac. 590; *Westchester Mtg. Co. v. McIntire,* 171 App. Div. 518, 157 N. Y. Supp. 725.)

Ratification relates back to the original act and makes it valid from the beginning. (*Steffens v. Nelson,* 94 Minn. 365, 102 N. W. 871.)

The act of the Hansen company was ratified by meetings of the directors and by retaining the benefits of the loan and by acquiescence in the mortgage. (*Ashley Wire Co. v. Illinois Steel Corp.,* 164 Ill. 149, 56 Am. St. 187, 45 N. E. 410; *Commercial Trust Co. v. Idaho Brick Co.,* 25 Ida. 755, 139 Pac. 1004; *Pettengill v. Blackman,* 30 Ida. 241, 164 Pac. 358.)

Where there is a substantial conflict in the evidence this court will not set aside the findings of the trial court. (*Miller v. Blunck,* 24 Ida. 234, 133 Pac. 383; *Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994; *Fritcher v. Kelley,* 34 Ida. 471, 201 Pac. 1037; *First Nat. Bank v. Cruikshank,* 38 Ida. 789, 225 Pac. 142.)

The business of loaning money to residents of Utah, whether upon collateral in the state or otherwise, is not "doing business" in Utah, unless the loans are made in Utah. (9 Fletcher, Cyc. Corporations, sec. 5929, p. 9987; 2 Ann. Cas. 210, note; *Neal v. New Orleans etc. Assn.,* 100 Tenn. 607, 46 S. W. 755; *Eastern Bldg. & Loan Assn. v. Bedford,* 88 Fed. 7; *Bedford v. Eastern Bldg. & L. Assn.,* 181 U. S. 227, 21 Sup. Ct. 597, 45 L. ed. 834; *People's Bldg. & Loan Assn. v. Berlin,* 201 Pa. 1, 88 Am. St. 764, 50 Atl. 308; *Covey Cotton Oil Co. v. Bank of Ft. Gaines,* 15 Ala. App. 529, 74 So. 87; *Foore v. Simon Piano Co.,* 18 Ida. 167, 108 Pac. 1038; *Bonham Nat. Bank v. Grimes,* 18 Ida. 629, 111 Pac. 1078; *Largilliere Co. v. McConkie,* 36 Ida. 229, 210 Pac. 207; *Toledo Computing Scales Co. v. Young,* 16 Ida. 187, 101 Pac. 257; *Pembleton v. Illinois Commercial Men's Assn.,* 289 Ill. 99, 124 N. E. 355; *Hoyt v. Ogden-Portland Cement Co.,* 185 Fed. 889.)

A single transaction does not constitute "doing business" in Utah. (Ann. Cas. 1913E, 1154, note; *Geo. R. Barse Live-Stock Co. v. Range Valley Cattle Co.,* 16 Utah, 59, 50 Pac. 630; *Booth & Co. v. Weigand,* 30 Utah, 135, 83 Pac. 734, 10 L. R. A., N. S., 693.)

Where parties of different states contract with reference to property in a third state, there can be no "doing business" in the second state. (*Hart v. Livermore Foundry & Mach. Co.,* 72 Miss. 809, 17 So. 769.)

BUDGE, J.—On May 29, 1919, the Hansen Livestock & Feeding Company, a Utah corporation, executed a mortgage upon real property situated in Caribou county, Idaho, and delivered the mortgage to respondent, Portland Cattle Loan Company. The mortgage was given for the purpose of securing an indebtedness of $315,000, evidenced by thirty-one promissory notes, dated May 29, 1919, at Ogden, Utah, and made payable to respondent at North Portland, Oregon. This action was subsequently instituted by respondent, in Caribou county, for the purpose of foreclosing the mortgage. Before the commencement of the action the Hansen Company had

been adjudicated a bankrupt and become a defunct corporation by reason of failure to pay the Utah corporation license fee, and the trustees in bankruptcy were made defendants, as were the directors of the defunct corporation as trustees, together with the Mutual Livestock Corporation, which claimed some interest in the property. With the exception of the trustees in bankruptcy and the Mutual Livestock Corporation, all other defendants defaulted. An answer filed on behalf of the trustees in bankruptcy to the complaint of respondent denied the execution by the Hansen Company of the notes and mortgage and alleged affirmatively that if said notes and mortgage were executed, they were taken by respondent while it was doing business in Utah in violation of the laws of said state in regard to foreign corporations doing business therein.

The cause proceeded to trial and the lower court found in favor of respondent. This appeal is by the trustees in bankruptcy of the Hansen Company, who present two principal contentions in seeking a reversal of the judgment, viz.:

1. That the notes and mortgage are void because of lack of authority on the part of the officers of the Hansen Company who executed the same; and

2. Assuming the notes and mortgage were executed by authority of the Hansen Company, respondent cannot recover thereon for the reason that it was doing business in Utah without compliance with the laws of that state in regard to foreign corporations doing business therein.

[1] Under the first point urged appellants contend that, by reason of the fact that no resolution was adopted by the board of directors of the Hansen Company authorizing its president and secretary to execute and deliver to respondent the notes and mortgage, the same were void. When respondent placed in evidence the notes and mortgage proved to have been signed by the proper officers, the mortgage also having affixed thereto the corporate seal of the corporation, the presumption followed that the officers did not exceed their authority, and the burden rested upon appellants to show to the contrary. (*Schallard v. Eel River*

*Steam Nav. Co.*, 70 Cal. 144, 11 Pac. 590; *Underhill v. Santa Barbara Land, Bldg. & Imp. Co.*, 93 Cal. 300, 28 Pac. 1049; *Burnett v. Lyford*, 93 Cal. 114, 28 Pac. 855; *Mills v. Boyle Mining Co.*, 132 Cal. 95, 64 Pac. 122; *Quackenboss v. Globe & Rutgers Fire Ins. Co.*, 177 N. Y. 71, 69 N. E. 223.)

No resolution authorizing the execution of the notes and mortgage appears in the record, but there is ample proof of ratification of the act of the president and secretary in executing and delivering the same so as to bind the corporation. It received and retained the full benefits of the transaction and has never repudiated the same, but the question of the validity of the notes and mortgage is sought to be raised by the trustees in bankruptcy of said corporation. (*Valley Lumber Co. v. McGilvery*, 16 Ida. 338, 101 Pac. 94; *Rowley v. Stack-Gibbs Lumber Co.*, 19 Ida. 107, 112 Pac. 1041.)

[2] Whether the mortgage given was to secure a loan made at the time of its execution, or to secure a pre-existent indebtedness due from the Hansen Company to respondent, would not be material under the facts of this case, since the fact remains that the Hansen Company received the money represented by the notes and has never repaid the same.

[3] "Where a private corporation receives and retains the benefits of an unauthorized or illegal transaction, on the part of its board of directors, such conduct amounts to a ratification.

[4] "The extension of time by a creditor within which to pay an old obligation is as much a consideration and as much an extension of credit as the granting of a new loan." (*Pettingill v. Blackman*, 30 Ida. 241, 164 Pac. 358.)

In the case of *Commercial Trust Co. v. Idaho Brick Co.*, 25 Ida. 755, 139 Pac. 1004, this court held that where the president of a corporation executed a mortgage to secure money previously loaned to the company, the corporation would not be heard to disaffirm the mortgage on the ground that it had not been executed pursuant to a resolution of its board of directors and not according to one of its by-laws.

[5] It must be conceded that the board of directors of the Hansen Company had the power to execute the notes and mortgage in question. Having such power, the corporation undoubtedly had the right to ratify the acts of its officers, although improperly done, and such ratification would relate back to the original act and make it · valid from the beginning.

[6] Neither is there any merit in appellants' contention that the giving of the notes and mortgage operated as a general assignment of the corporate property, for the reason that it clearly appears that the property covered by the mortgage included but a small portion of the corporate property, and it likewise appears that the corporation functioned as such for approximately one year after the mortgage was executed.

We are of the opinion, therefore, that the trial court's finding to the effect that the Hansen Company, while in good standing and possessed of all its corporate powers, ratified and confirmed the acts of its corporate officers in making and delivering the notes and mortgage in question and in shaping its corporate actions thereafter in conformance therewith and by receiving and using the money advanced by respondent and in recognizing said obligation and paying a part thereof, was bound thereunder, is fully supported by the evidence.

[7] We come now to the second contention of appellants, that respondent cannot recover on the notes and mortgage for the reason that it was doing business in Utah in violation of Compiled Laws of Utah 1917, c. 4, secs. 945, 947, requiring foreign corporations, before doing business in that state, to file with the Secretary of State and with the county clerk of the county wherein their principal office in the ·state is situated, a copy of their articles of incorporation, etc., and upon failure so to do shall not be entitled to the benefits of the laws of that state relating to corporations, and shall not sue, prosecute or maintain any action, suit, counterclaim, cross-complaint or proceeding in any of the courts of that state on any claim, interest or demand, arising or

growing out of, or founded on any contract, agreement or transaction made or entered into in that state by any such corporation or by its assignor or by any person from, through or under whom it derives its interest or title or any part thereof, etc., and declaring all transactions, contracts or agreements made or entered, into by or on behalf of any such corporation to be wholly void on behalf of such corporation.

The trial court found that respondent was not, on May 29, 1919, the date on which the notes and mortgage in question were executed and delivered, engaged in business within the state of Utah; that it solicited no loans within said state; that whenever applications for loans were made they were forwarded to respondent's home office in North Portland, Oregon, and there consummated, and that such activities as respondent may have conducted within the state of Utah during and prior to the time that the transaction here involved was carried on, were merely for the purpose of protecting, watching and caring for securities taken by it on loans validly made and negotiated in North Portland, Oregon, and were not intrastate transactions within the state of Utah.

From the record it appears that the Hansen Company was transacting a general banking business with the Livestock State Bank of Portland Oregon; that it had a large overdraft with that bank, of approximately $400,000. In order to enable the Hansen Company to take care of this overdraft and to furnish it with additional funds, respondent made a loan to the Hansen Company represented in part by the notes and mortgage in question. The land covered by the mortgage was located in Idaho; the notes were executed and delivered in Ogden, Utah, and made payable to respondent at its office in North Portland, Oregon. Approval of the loan was necessary, in order to complete the transaction, by the officers of respondent company in Portland, and before the loan in question was made and the transaction completed it was necessary that it be approved by the offi-

cials of respondent company at North Portland, Oregon, which the facts show was done.

[8] It is contended by appellants that prior to the time of the transaction involved, respondent company had been and was soliciting loans, loaning money, taking securities and otherwise doing business in Utah within the terms of the statutes above referred to. No useful purpose could be served by setting out the several transactions sought to be proven by appellants to sustain their contention in this respect. An analysis of these transactions clearly convinces us that they were not such as come within the inhibition of the statutes. The mere taking of applications for loans by an agent of a foreign corporation and forwarding the same to the home office of such foreign corporation, there to be approved or disapproved, would not constitute doing business so as to be offensive to the statutes above referred to. (12 R. C. L., p. 76, sec. 52; Ann. Cas. 1913E, 1156, note; 14a C. J., p. 1283, sec. 3991; *Pembleton v. Illinois Commercial Men's Assn.*, 289 Ill. 99, 124 N. E. 355; *Ichenhauser Co. v. Landrum's Assignee*, 153 Ky. 316, 155 S. W. 738; *Louisville Trust Co. v. Bayer Steam Soot Blower Co.*, 166 Ky. 744, 179 S. W. 1034; *American Contractor Pub. Co. v. Michael Nocenti Co.*, 139 N. Y. Supp. 853; *Neal v. New Orleans etc. Assn.*, 100 Tenn. 607, 46 S. W. 755; *Caesar v. Capell*, 83 Fed. 403.) Neither would the fact that respondent had theretofore loaned money at its place of business in Portland to the Hansen Company, the loans being approved and the notes made payable at North Portland, Oregon, constitute doing business in Utah within the meaning of the restrictive statutes, *supra*. Nor would the further fact that the foreign corporation took securities on lands situated in a state other than that in which the creditor or debtor was domiciled and the money loaned constitute a transaction that would bring it within the statutes cited above. To so hold would give to the statutes a far greater and wider scope than was ever intended by the legislature. (*Largilliere Co. v. McConkie*, 36 Ida. 229, 210 Pac. 207; *Foore v. Simon Piano Co.*, 18 Ida. 167, 108 Pac. 1038.)

This was a loan made to a resident of a foreign state, but not a loan made within that state. The rule is stated in 9 Fletcher, Cyc. Corporations, p. 9987, sec. 5929, as follows:

"A foreign corporation does not do business within a state within the meaning of statutes prohibiting foreign corporations from doing business within the state, until they shall comply with certain statutory conditions, by making a loan to a resident of the state, where the agreement for the loan is made and the securities are delivered in another state, although the application may be made and negotiations carried on through a broker within the state. And where a foreign corporation, which has not complied with prohibitory and penal statutory regulations, makes an agreement with a citizen of a state to lend him money, which the citizen agrees to repay to the foreign corporation at its own domicile and to secure that payment gives a mortgage upon lands situated in the state, there is no 'carrying on of its business' or 'doing' or 'attempting to do any business' within the state."

This rule would seem to be applicable to the facts in the instant case and to uphold the findings of the trial court that respondent was not doing business in the state of Utah when, through its president, and with the approval of its officers in Portland, it made the loan in question and took security for the same.

[9] At most there is a conflict in the evidence as to whether the particular transaction here involved was consummated in Utah or in Oregon. The contracts show on their face that they were not to be performed within the state of Utah. The evidence clearly establishes the fact that the loans were made in Oregon. The preponderance of the evidence is against appellants' contention that the transaction was made and consummated in Utah. In such circumstances and where there is a conflict in the evidence the findings or judgment will not be disturbed.

From our investigation of the authorities upon the question of when a foreign corporation is doing business within a state it is apparent that each case must be decided upon the

particular facts and circumstances entering into the transaction. The authorities upon the question are irreconcilable. Courts of great respectability invoke a liberal construction in the interpretation of such restrictive statutes, while other courts of like eminence apply a rule of strict construction.

From what has been said it follows that the judgment of the trial court is affirmed. Costs awarded to respondent.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.