John A. Brower, Respondent, *v.* John J. Crimmins, Appellant.

(Supreme Court, Appellate Term, March, 1910.)

Assignments — Actions — Evidence of assignment.
Associations: Officers and agents — Appointment of agent: Membership — Liability of members for debts.

An unincorporated association is not regarded as a legal entity and cannot appoint or have an agent, though the members thereof may appoint an agent to represent them as individuals.

To render a member of such an association liable on contracts by the persons or committees who manage and assume to act for the association, it must be shown that they are expressly or impliedly authorized to represent and bind him.

Where, in an action by one claiming as the assignee of a money judgment recovered in another State by an unincorporated association, it appears that the alleged assignment described the assignor, a labor union, by a name not identical with that in the judgment record, there is no allegation or proof that the plaintiff is the same person mentioned and described in the assignment and the middle. initial of his name is different, and there is no evidence of a valuable consideration for the making of the assignment, and it does not appear whether the original judgment

creditor was a corporation or an unincorporated association, nor whether the procedure in the State where the judgment was recovered permits an action to be brought by an unincorporated association as such, and the notarial certificate to the assignment recites that the judgment creditor is an unincorporated association, a judgment in plaintiff's favor will be reversed for lack of proof of a valid assignment of the judgment.

APPEAL by the defendant from a judgment of the City Court of the city of New York, rendered in favor of the plaintiff.

Joyce & Hoff (Michael J. Joyce and Almeth W. Hoff, of counsel), for appellant.

Henry C. Quinby (John F. Valieant, of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment in favor of plaintiff for $859.44 and from an order denying the defendant's motion for a new trial. The action is brought upon a judgment obtained in the " Law and Equity Court of Mobile," Ala., rendered at the October, 1907, Term, against the defendant herein, John J. Crimmins, for the sum of $1,110. The appellant relies upon the ground, *that no valid assignment of the said Alabama judgment was proven.*

The alleged assignment reads as follows: " Whereas on the fourteenth day of April, 1909, at a meeting of the Mobile Printing Pressmen and Assistants' Union, No. 100 of the I. P. P. & A. U. of N. A., of Mobile, Alabama, it was moved by R. J. Gibbons that George W. Jones as president * * * be authorized and instructed by said Mobile Printing Pressmen and Assistants' Union, No. 100 * * * to assign, transfer and set over to John H. Brower of the City of New York, all balance due on a claim or claims of every sort and nature, including any judgment, belonging to said Mobile Printing Pressmen and Assistants' Union * * * against Patrick J. Mooney and John J. Crimmins, or either of them, arising or growing out of a certain contract * * * and whereas said motion was seconded by Milton Jump, and the motion as made

and seconded was put to the meeting by the president and unanimously adopted; Now therefore in consideration of the premises aforesaid, and in pursuance to the instructions and authorization above set forth, I, George W. Jones, as president * * * do hereby assign, transfer and set over to John H. Brower of the City of New York, all balance due on a claim or claims of every sort and nature, including any judgment, belonging to the said Mobile Printing Pressmen and Assistants' Union * * * against Patrick J. Mooney and John J. Crimmins, or either of them, arising or growing out of a certain contract * * * a copy of which contract is hereto annexed and marked ' Exhibit A.' " Appellant claims that the assignment is defective, in that it does not appear from the alleged assignment where the meeting was held, how many members attended, whether it was a regular meeting or a special meeting regularly called for that purpose, or whether a quorum was present; that no resolution of the association is attached, signed or duly authenticated by the proper officers of the association, and the acknowledgment does not show that the instrument was executed in pursuance of the direction of the association or its governing body, or that the seal was affixed by any like authority, or even that it is the seal of said association; that the record of the Alabama judgment shows the plaintiff and the judgment-creditor to be " Mobile Printing Pressmen and Assistants' Union No. 100 of the International Printing Pressmen and Assistants' Union of North America," while the alleged assignment, in the body thereof and as executed, describes the assignor as " Mobile Printing Pressmen and Assistants' Union No. 100 of the I. P. P. & A. U. of N. A. of Mobile, Alabama; " that the assignee named in the alleged assignment is John H. Brower, while the plaintiff herein is John A. Brower; that there is no allegation or proof that the plaintiff herein is the same person mentioned and described in the said assignment as John H. Brower; that no evidence was presented of a valuable consideration for the making of the assignment. It does not appear whether the labor union which was the original judgment-creditor was a corporation or an unincorporated association; nor are we informed as to whether the Alabama pro-

cedure permits an action to be brought by an unincorporated association under its own name. The notarial certificate to the assignment recites that the judgment-creditor is " an unincorporated association."

If it was a corporation, an assignment properly drawn and executed in its own name by the president, and bearing the seal of the corporation, would be presumptively authorized. Quackenboss v. Globe & Rutgers F. Insurance Co., 177 N. Y. 71; Gause v. Commonwealth Trust Co., 196 id. 134.

No such presumption arises in the case of an unincorporated association, nor is such an association presumed to have a seal. Such an association is not regarded as a legal entity, and it necessarily follows that the club or association, as such, cannot appoint or have an agent. The members may appoint an agent, but in such a case he is the agent of the members as individuals. They are joint principals. Such an association is not a partnership; and, to render a member liable as a principal on contracts made by the persons or committees who manage and assume to act for the association, it must be shown that they are expressly or impliedly authorized to represent and bind him. Clark & Skyles Law of Agency, § 91. A contrary rule would cause great confusion and injustice on account of the informal character of these associations, as illustrated by those under consideration in McCabe v. Goodfellow, 133 N. Y. 89; Ostrom v. Greene, 161 id. 353. Probably it would be found common among labor unions that no single person or officer would have power to assign the property of the association, but that such power would be confined to the members in good standing at the time of the assignment, acting in open meeting, as in Brown v. Stoerkel, 74 Mich. 269.

Judgment should, therefore, be reversed and a new trial ordered, with costs to appellant to abide the event.

Present: SEABURY, GUY and WHITNEY, JJ.

Judgment reversed and new trial ordered, with costs to appellant.