J. FRIEDMAN & Co., INC., Plaintiff, *v.* AMALGAMATED
CLOTHING WORKERS OF AMERICA, an Unincorporated
Association; SIDNEY HILLMAN, Individually and as
General President of the Amalgamated Clothing
Workers of America et al., Defendants.

(Supreme Court, New York Special Term, March, 1921.)

Associations — unincorporated — actions against — pleading — in-
junctions — when motion for judgment on the pleadings
granted — Code Civ. Pro. § 1919.

In an action brought under section 1919 of the Code of Civil
Procedure against the president of an unincorporated associa-
tion on any cause of action upon which plaintiff may maintain
such an action against all the associates, the court must find
upon allegations and proof that all the members of the asso-
ciation are liable.

Where in such an action brought against one individually
and as president of the "Amalgamated Clothing Workers of
America" and against others individually and as officers,
agents or employees of the organization, the complaint alleges
"that all of the defendants herein have combined and conspired
and agreed to carry out all of the aforementioned purposes
*  *  *  by their acts and conduct," and that they " are wrong-
fully and unlawfully  *  *  *  instigating plaintiff's employees
to cease work and  *  *  *  have caused a general strike against
manufacturers of clothing in the city of New York and  *  *  *
are instigating persons to picket plaintiff's factories and co-
ercing  *  *  *  and intimidating plaintiff's employees," and a
particular allegation of the pleading gives irrefutable evidence
that the pleader intended the term " defendants " to apply to
the persons actually named as such in the caption, in contra-
distinction to the term " all members of the association " and
that when the pleader intended to designate the latter class he
so expressly denominated them, but there is no allegation that
all the members of the defendant association participated in
alleged overt acts or purposes of the association, authorized or
ratified the same or are chargeable with knowledge thereof, the
complaint, considering the allegations thereof as though they
were all to be considered as bearing solely upon the right to an

Friedman & Co., Inc., *v.* Amal. Cloth. Workers. **45**

Misc.] Supreme Court, March, 1921.

injunction, fails to state a cause of action and defendant's motion for judgment on the pleadings will be granted, with leave to plaintiff to plead over, if so advised.

Motion for judgment on the pleadings.

Gordon, Tally & Gordon (Max D. Steuer and Harry A. Gordon, of counsel), for plaintiff.

Lowenthal & Szold (Samuel Seabury, of counsel), for Sidney Hillman, as president of Amalgamated Clothing Workers of America, and others.

S. John Block, for Abraham I. Shiplacoff and others.

Bijur, J. This is a motion for judgment on the pleadings made on behalf of defendant " Sidney Hillman, individually, and as General President of the Amalgamated Clothing Workers of America," and also on behalf of certain other officials of that organization. The motion is directed particularly against the sufficiency of the complaint to charge the Amalgamated Clothing Workers of America as an unincorporated association in that it fails to allege a cause of action maintainable against all of its members. This point is based upon the fact that the action is brought against the association pursuant to the privilege accorded to the plaintiff by section 1919 of the Code of Civil Procedure which permits it to be maintained against the president or treasurer " upon any cause of action, for or upon which the plaintiff may maintain such an action against all the associates." It is well settled that where the action is so brought " the plaintiff must allege and prove, and the court must find, that all the members of the association were liable." *McCabe* v. *Goodfellow*, 133 N. Y. 89, 92; *Schouten* v. *Alpine*, 215 id. 225, 232; *People ex rel. Solomon* v.

*Brotherhood of Painters,* 218 id. 115, 123; *Brower* v. *Crimmins,* 67 Misc. Rep. 68, 71; *Mazurajtis* v. *Maknawyce,* 93 id. 337, 340. Plaintiff's counsel undertake to demonstrate that the complaint does charge all the members with liability for the acts which are laid as the foundation of the cause of action. In order to ascertain whether this claim is well founded an examination of the complaint is necessary. It is brought, as I have said, against " Sidney Hillman, individually and as General President of the Amalgamated Clothing Workers of America;" also against a number of other persons individually and as officials in various capacities of said organization; against some forty or fifty other persons " individually and as members, agents and employees of " said organization, and against one Leiserson, apparently merely as an individual.

After alleging the corporate capacity of the plaintiff and that it is engaged in the ownership and operation of factories and plants for the production of clothing, it proceeds, in paragraphs 3 and 4, to set out that the Amalgamated Clothing Workers of America is " an unincorporated membership association having a membership of 175,000," distributed throughout many cities in the United States; " that in and by the constitution it is provided that the aforesaid general executive board shall have the right, power and authority to call and authorize strikes and to direct and to declare boycotts." This is preceded and followed by details of its organization covering its governing body or bodies and the local unions authorized or created by it; also allegations of the precise official capacity of said Hillman and of the other officers.

In paragraph 10 it is alleged " that all of the remaining defendants, except Leiserson, were in the employ

of the plaintiff up to about December 1, 1920, but have ceased to be in plaintiff's employ, and that the defendants at all the times hereinafter mentioned were and still are all members, agents or employees of the defendant Amalgamated Clothing Workers of America.''

Paragraph 11 alleges that the association is controlled by a constitution duly adopted. Paragraph 12 contains an extract from the preamble to the constitution alleged to be '' the purpose of the organization,'' reading as follows: '' The industrial and interindustrial organization, built upon the solid rock of clear knowledge and class consciousness, will put the organized working class in actual control of the system of production and the working class will then be ready to take possession of it.''

In paragraph 13 it is alleged that the association was organized '' only for the purpose of destroying the existing industrial structure in the clothing industry * * * and the present industrial system of ownership by private persons * * * of the business and factories and all of the means for production of clothing * * * including the ownership by the plaintiff of its clothing business * * * and solely for the purpose of wresting, taking and seizing from the employers * * * all private property, machinery, goods, wares and merchandise * * * and solely and only for the purposes of encouraging and inciting other workers in other industries to agree and conspire to destroy the present industrial structure * * * and the seizure of said means of production and properties by said workers * * * and to destroy existing social, industrial and political structures and to substitute in lieu and in place thereof the rule of the proletariat * * * that all of the de-

fendants herein have combined, conspired and agreed to carry out all the aforementioned purposes.''

In paragraphs 14, 15 and 16 it is set forth that the plaintiff entered into contracts of employment with various persons on the express understanding that they had ceased to be affiliated with the defendant association and would not join it in the future, and in paragraph 17 '' that in violation of the contract rights of the plaintiff * * * and inspired by opposition to all forms of law and order '' and in pursuance of the various unlawful purposes hereinbefore recited '' the defendants are wrongfully and unlawfully * * * instigating plaintiff's employees to cease work and join with the defendant association for the aforesaid purposes, and the defendants have caused, sanctioned and directed and are conducting a general strike against the manufacturers of clothing in the City of New York * * * and the defendants have been and still are wrongfully and unlawfully instigating persons to become engaged in the practice of picketing plaintiff's factories,'' and that said pickets are in various disorderly ways intimidating plaintiff's employees from continuing to work for them and hampering the free dispatch of plaintiff's business.

Paragraph 18 recites '' that in pursuance of the aforesaid unlawful combination, agreement and conspiracy the defendant Amalgamated Clothing Workers of America has voted the sum of $1,000,000 to be collected from and contributed by the members of said defendant for the purposes of carrying on the aforesaid strike '' and the other purposes recited, '' and that all of the defendants herein, except Leiserson, have approved and agreed to the collection of said sum of $1,000,000 and have proceeded to collect said sum of $1,000,000 from the members of the defendant union and have collected from said members a substantial

part of said $1,000,000.'' The 19th and 20th para-
graphs contain allegations of the plaintiff's damage
and the absence of an adequate remedy at law.

On this complaint it is demanded, *first*, that the
defendant Amalgamated Clothing Workers of America
be decreed to be an unlawful combination and con-
spiracy and be dissolved; and, *second*, '' that the
defendants and their and each of their agents, etc., be
enjoined from doing any acts injurious to the plain-
tiff,'' and in particular from enticing or interfering
with plaintiff's employees, or from creating or con-
tinuing a strike or from picketing or congregating
about plaintiff's premises and intimidating plaintiff's
employees; and, third, that a judgment be entered
awarding plaintiff the sum of $500,000 damages suf-
fered.

It will be observed that the complaint really sets
forth two causes of action, one for a dissolution of
the defendant association as unlawful and the other
for an injunction against acts for which it is sought
to be held responsible. Since it is clear that no decree
of dissolution can be entered in this suit brought at
the instance merely of a private individual, I think
that I am correctly interpreting the pleader's inten-
tion if I read the allegations respecting the alleged
unlawful purpose of the association as intended to
support or justify the prayer for injunction. Indeed,
it was, as I understand it, conceded upon the argu-
ment of this motion and of the accompanying motion
for a temporary injunction that the instant suit was
aimed at something other than the ordinary elements
present in controversies between employer and em-
ployee; it is designed to challenge the right of the
defendant association to continue to function. The
issue thus tendered has been accepted by the defendant
without objection concerning the possible improper

Supreme Court, March, 1921.　　[Vol. 115.

joinder of causes of action or the futility of the prayer for a decree of dissolution. I shall therefore deal with the allegations of the complaint as though they were all to be considered as bearing solely upon the right to the injunction. Although it is not contended on behalf of plaintiff that the bare existence of an unlawful purpose unaccompanied by overt acts constitutes ground for the issuance of an injunction (see *Reynolds v. Everett,* 144 N. Y. 189, 194–5; *Sinsheimer* v. *United Garment Workers,* 77 Hun, 215, 217), nevertheless it may not be unprofitable to inquire first whether there is a sufficient allegation that the unlawful purposes claimed to exist are entertained by or that knowledge thereof is chargeable to all the members of the association. Plaintiff's counsel in their brief claim that there are adequate allegations in that respect because " it is alleged that the preamble to its constitution provides that one of the purposes is ' to put the organized working class in actual control of the system of production and the working class will then be ready to take possession of it,' " and that " all the members of the association who are parties to this action because they are being sued through their president, Sidney Hillman, are charged with knowledge of the provisions of their own constitution and are presumed to be bound by its terms."

I understand plaintiff's claim in this regard to be that the preamble quoted expresses an unlawful purpose, with knowledge of which all the members of the association are chargeable. Taking at its face value this extract from the preamble as recited in the complaint, although its context is not set out, and judged by every fair standard of interpretation, particularly in an instrument of this character, I think the phrases quoted are quite innocuous. They express some ideal which, it is hoped, may at some time be achieved. But

even if we do violence to its plain intendment, and endeavor to read into the literal words a suggestion that it is hoped that the working class shall be put into actual control and possession of the instrumentalities of production, rather than of merely the " system " of production, as actually expressed, there is still absent any statement or even implication that this is to be accomplished by forcible or other unlawful means. Indeed, plaintiff's counsel do not in terms charge or claim that this expression in the preamble is, standing by itself, evidence of the unlawful purpose of the organization, but proceed, without further comment, after the sentence from the brief which I have just quoted: " Thus it is distinctly alleged in paragraph 13 of the complaint, extracts from which have been quoted, that the Amalgamated Clothing Workers of America was organized and exists, operates and exercises its functions and activities for the purpose of destroying the private ownership and substituting the rule of the proletariat, and transferring all private property from the present owners to the members of the Amalgamated Clothing Workers of America. An allegation that the Amalgamated Clothing Workers of America was organized and exists for the purposes aforesaid, and is carrying out these purposes, is tantamount to an allegation that all of its members together, by virtue of their membership in the Amalgamated Clothing Workers of America, are parties to these purposes and these activities, and thus a charge that the Amalgamated Clothing Workers of America was organized and is operating and conducting its activities is tantamount to a charge that all of its members are doing so."

I have reproduced this paragraph from the brief to avoid the possible injustice of misinterpreting it.

At the outset it is to be noted that the complaint

nowhere purports to set forth or quote from or even paraphrase the exact language of the constitution of the association. The allegation in this respect advisedly made " upon information and belief " is that the association " was organized, created, formed and established and still continues to exist, operate and exercise its functions and activities solely and only " for the " unlawful purposes " thereinafter set forth and hereinabove more fully recited. It seems to me to be quite plain that to allege merely that an association was organized and exists for certain purposes is far from asserting as matter of fact that all its individual members are pursuing or in favor of pursuing that purpose, or even that they are chargeable, expressly or impliedly, with knowledge thereof and have therefore acquiesced therein. The absence of any allegation that the constitution of the association recites or suggests the alleged unlawful purposes is significant. We are not dealing here with conjecture nor with possibilities of proof however difficult or intricate, but with allegations of fact to form the basis of a cause of action. Finally, however liberal may be the rules of construction to be applied to a pleading, I know of none which permits the interpretation of a general allegation of the purposes of an association as the equivalent of a categorical statement (which could have been couched in a few words) that all of its members are in favor of or are engaged in pursuing such purpose, or have directly or indirectly authorized or ratified acts in furtherance thereof.

I come, then, to the averments of the complaint in regard to overt acts, as for example, in the 13th paragraph, " that all of the defendants herein have combined and conspired and agreed to carry out all of the aforementioned purposes * * * by their acts and conduct," and in the 17th paragraph that " the

defendants are wrongfully and unlawfully * * * instigating plaintiff's employees to cease work and * * * have caused a general strike against manufacturers of clothing in the City of New York and * * * are instigating persons to picket plaintiff's factories and coercing * * * and intimidating * * * plaintiff's employees." It is urged in plaintiff's brief that the words " all of the defendants herein " are equivalent to the phrase " all of the members of the Amalgamated Clothing Workers of America " and that " when the ' defendants ' are referred to the reference is to ' all of the persons who are being sued through their representatives, such as president, treasurer, secretary,' " etc. This, however, is to give a forced and unnatural construction to the phrase " all of the defendants herein," which ordinarily means the defendants named in the caption or otherwise. Assuming for the moment that I would not be unwilling to strain the common meaning of words in order to give them the significance contended for, yet the draftsman of the complaint has incorporated therein several other phrases which compel the exclusion of such construction. Thus, for example, the allegation in paragraph 10 " that the defendants were and still are all members, agents or employees of the defendant, Amalgamated Clothing Workers of America," would be wholly unnecessary and meaningless if all the members of that association were already included as defendants by the mere representative presence of their president. But a conclusive answer to the claim for this construction is to be found in the 18th paragraph that " the defendant, Amalgamated Clothing Workers of America, has voted the sum of $1,000,000, to be collected from and contributed by the members of said defendant * * * and that all of the defendants herein have approved and agreed

Supreme Court, March, 1921.          [Vol. 115.

to the collection of said sum and have proceeded to collect said sum from the members of the defendant union and have collected from said members a substantial portion of said sum." Here we have irrefutable evidence that the pleader intended the term " defendants " to apply to the persons actually named as defendants in the caption, in contradistinction to the term " all the members of the association," and that when he intended to designate the latter class he so expressly denominated them.

Thus, in respect of the alleged acts, just as in regard to the alleged purposes, we find that the draftsman of the complaint has significantly omitted the simple averment that all the members of the defendant association have participated therein or have authorized or ratified the same or are chargeable with knowledge thereof.

In my opinion, therefore, the complaint fails to allege a cause of action against all the members of the defendant association, and is defective in that respect.

I have confined myself in the foregoing discussion exclusively to the question of pleading, but I may say that the papers submitted on the coincident motion for a temporary injunction convince me that the point discussed is not merely a formal one, but concerns the ultimate merits of the controversy.

In view of the manner in which the complaint is framed, and in which the accompanying motion for a temporary injunction was argued it is not feasible — even if it were desired — to consider the papers as seeking relief solely against some of the defendants as individuals. Much, if not most, of the allegations of the complaint and of the moving affidavits would have to be eliminated, since they do not bear upon the individual liability of the defendants, and new con-

siderations suggest themselves which are not covered by the papers.

For these reasons the motion for judgment on the pleadings made by the defendants is granted, with ten dollars costs, with leave, however, to plaintiff to plead over within twenty days, if it be so advised.

Ordered accordingly.