Fred J. Mender, J.
In this action for liibel against the defendant. association the latter moves first to dismiss the complaint under subdivision 4 of rule 106 of the Rules of Civil Practice on the ground that it fails to state facts sufficient to constitute a cause of action, in that it fails to specify that the defendant union actually participated in or authorized the alleged libelous acts. Secondly, the defendant moves to dismiss individually each cause of action in the complaint upon the same ground, *409 for failure to allege special damages resulting from published statements that were not libelous per se.
In each cause of action it is alleged that the ‘1 defendants falsely and maliciously wrote and published ”. I find this to be a sufficient charge of actual participation by the defendant union. (Tonelli v. Osman, 54 N. Y. S. 2d 793.)
I find further that the alleged libelous words in each cause of action related to the plaintiff corporation’s business and were such as would tend to injure the plaintiff in its business, and hence are libelous per se. Special damages need not, therefore, be alleged. (See Steward v. World-Wide Automobiles Corp., 20 Misc 2d 188.)
Accordingly the motion is in all respects denied.
Submit order.