■ DAYTON T. BROWN, INC., Respondent, v. BERNARD J. O'REILLY, Individually and as President of Local 661 United Automobile, Aircraft and Agricultural Implement Workers of America, et al., Appellants.— In an action to recover damages for libel, the appeal is from an order denying appellants' motion to dismiss the complaint and each of the several causes of action pleaded therein for insufficiency (Rules Civ. Prac., rule 106, subd. 4). Order reversed, with $10 costs and disbursements, and motion granted, with leave to respondent, if it be so advised, to serve an amended complaint within 20 days from the date of the entry of the order hereon. Since it does not appear upon the face of any of the causes of action pleaded in the complaint that the publications therein complained of directly affected the credit of, or occasioned pecuniary injury to, the respondent, or that any of the publications complained of was so defamatory that it must be inferred that it accomplished that result, and since special damage is not alleged, the complaint does not state facts sufficient to constitute a cause of action against any of the appellants (cf. *Stone* v. *Textile Examiners & Shrinkers Employers' Assn.*, 137 App. Div. 655; *Kemble & Mills of Pittsburgh* v. *Kaighn*, 131 App. Div. 63; *Reporters' Assn. of America* v. *Sun Printing & Pub. Assn.*, 186 N. Y. 437). Moreover, as against appellant O'Reilly in his representative capacity, the allegations of the complaint are insufficient to show that the libel complained of was authorized or ratified by the members of the union, an unincorporated association (cf. *Martin* v. *Curran*, 303 N. Y. 276; *Friedman & Co.* v. *Amalgamated Clothing Workers of Amer.*, 115 Misc. 44; *Lubliner* v. *Reinlib*, 184 Misc. 472). Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur. [20 Misc 2d 408.]