SCHMIDT and another *vs.* DIETERICHT and others.

---

Where an auctioneer has the avails of a fraudulent sale in his hands, he cannot protect himself from answering by a demurrer, upon the ground of his being a witness.

An auctioneer, in such a case, is a mere agent or stakeholder; and he cannot protect himself upon the ground of other parties having a defence. Indemnity is all he can ask upon bringing the money into court or paying it under an order.

Chancery can interpose to preserve property in dispute pending litigation in another court, when the powers of the latter are insufficient for the purpose.

---

THE bill in this cause stated, that the complainants were possessed of a large quantity of hemp lying in a store at Brooklyn on storage under the charge of one of the defendants, Wakely, who was the storekeeper; that the latter, intending to commit a gross fraud, caused upwards of ten tons of the hemp to be taken out clandestinely in the night time and removed to the city of New York, without the knowledge or consent of the complainants; that the defendant, Dietericht, being an auctioneer, was employed by Wakely to advertise and sell the hemp at auction, and it was accordingly sold by him on the same day on which the advertisement of the sale first appeared in the newspapers, upon a notice of a few hours only; that the defendants, Forbush and Albert, who were rope-makers, became the purchasers at the price of one hundred and twelve dollars per ton, which they paid to the auctioneer. The bill charged, that if the hemp had been duly and legally advertised and sufficient time allowed for dealers in the article to have been informed of the sale and to have examined it, it would have produced about two hundred and twenty dollars per ton; that the complainants applied to Dietericht a few days after the sale respecting the hemp, who stated he had

October 11.
1831.

*Auctioneer.*
*Jurisdiction.*

SCHMIDT
*v.*
DIETERICHT.

sold it, with other merchandize, for the account of Wakely, and paid to him a sum of money in part of the proceeds of the sale : but utterly refused to inform the complainants how much he had paid ; and that (after being told of the fraudulent and clandestine removal and of its being the property of the complainants) he refused to give them any further information respecting the same or the proceeds.   The defendants charged, as their belief founded upon the conduct of Dietericht, that he was colluding and conniving with Wakely, and had not then paid any part of the proceeds of the hemp to the latter, or, at most, only a small part; and that Dietericht had in his hands, in money and notes or other securities belonging to Wakely, a sum equal, at least, to the price at which the hemp was sold.

The bill also stated the complainants having brought an action of trover against Forbush and Albert for the hemp, which was still pending ; also, their application to Dietericht to deposit the money ; his refusal ; that Forbush, Albert and Dietericht were men of small means ; and, that the money was insecure and unsafe.

It prayed a full discovery ; an injunction ; a receiver ; and, relief.

The defendant, Dietericht, demurred to the whole bill—both as to the discovery and relief.

The points raised upon the demurrer are mentioned in the opinion of the court.

Mr. *John R. Hedley,* in support of the demurrer.

Mr. *Charles Graham,* for the complainants.

*October* 31.

THE VICE-CHANCELLOR.   In support of this demurrer it is, in the first place, contended, that Dietericht is only a witness and can be examined as such upon the trial at law between the complainants and Forbush and Albert.   This objection would hold good, provided nothing else was asked from the defendant than a disclosure of the facts and circumstances attending the sale of the property.   The object of the bill is something more : it is, to ascertain from him what amount of money

or securities he has in hand arising from the sales, in order to have the fund preserved for the rightful owners and not suffered to go into the hands of Wakely, the perpetrator of the fraud. Dietericht is, therefore, more than a witness. He is a stakeholder or depositary; and the fund is expressly alleged to be in danger in his hands. The bill even charges he is colluding with Wakely.

According to Lord Eldon, in *Fenton* v. *Hughes*, 7 *Ves.* 289, auctioneers, agents to sell and persons of that description are frequently made defendants without objection, from the circumstance of their holding deposits and which entitles a plaintiff to relief against them; and this too even in cases where it is very difficult to say that any relief is to be prayed against them at the hearing. I think it is very clear, under the circumstances alleged in the bill, that the demurrer cannot be sustained upon the ground of Dietericht's being merely a witness.

It is next insisted, that this defendant is not bound to answer, because any discovery he could make would not entitle the complainants to any relief in this court. And the points raised in support of this objection are, their having elected to prosecute Forbush and Albert at law; also, having found the goods in the hands of Forbush and Albert, the remedy is exclusively at law either by action of replevin or trover and having adopted one of those remedies, they have no right, at the same time, to look after the money or proceeds of the goods in the hands of the defendant and ask him to bring them into court or call upon equity to interfere in order to protect the fund. I apprehend these are objections with which the defendant, Dietericht, has no concern. Whatever objections of this sort might be urged by Wakely, the pretended owner of the goods or the purchasers Forbush and Albert, it appears to me the auctioneer has no right to make them. He was a mere agent in this transaction (unless he chooses to admit himself a participator in the alleged fraud and embezzlement by Wakely;) and is to be regarded in the light of a stakeholder of the funds. All he can require is protection and indemnity whenever he parts with the money—and these he will have if he

16

1831.

SCHMIDT
v.
DIETERICHT.

*brings the money into court or pays it over as the court shall direct.*

But, admitting that the defendant has a right to raise these objections, I am still at a loss to perceive how they can prevail: for, although the complainants have thought proper to pursue the purchasers for the recovery of the goods or the value in damages upon the ground of the title not being changed by the sale at auction, should they fail in that suit, they will most certainly, according to the statements in the bill, be entitled to the money produced by the sale—as a trust would naturally result by reason of their ownership in the goods. They have, therefore, an interest in the fund which, although at present only contingent, may become absolute ; and, in my judgment, it is sufficient for them to call upon this court to interfere in preserving the property pending the litigation in the court of law and until it can be ascertained to whom the money rightfully belongs. It appears to be a case peculiarly fitted for the exercise of the power of this court; and I should deem it a reproach to justice, as the matter now stands, were I not to interpose for the purpose of preventing the defendant from paying over the proceeds of the goods to Wakely as the reward *of his villany.* It has been justly observed, that if the demurrer should be allowed, the cause would be at an end as to every beneficial purpose and fraud would triumph over honesty.

The court of chancery will interpose to preserve property in dispute pending litigation in another court, where the powers of the latter are insufficient for the purpose. This is perfectly well settled : *King* v. *King*, 6 *Ves. J.* 172 ; *Morgan* v. *Harris*, 2 *Bro. C. C.* 121, with Eden's notes, *ib.* 123 ; *Atkinson* v. *Henshaw*, 2 *Ves. & B.* 85 ; and, *Ball* v. *Oliver*, *ib.* 96. Indeed, it has become a familiar head of equity jurisdiction: *Cooper*, 146, 147 ; *Mitf.* 3 *ed.* 109, 110. And this court will also interpose whenever a fund which is the subject of litigation gets into the hands of an assignee or third person who has no interest in it, where there is the least danger of its being lost or injured : *Haggerty* v. *Duane*, 1 *Paige's C. R.* 321.

Upon the whole, I am of opinion there is enough shown to

entitle the complainant to the aid of this court in relation to the money or securities in the hands of the defendant; and that he is bound, upon every principle of justice and equity, to answer the bill. . As it stands, he is charged at least with connivance at the fraud of Wakely and with lending himself to his purpose. Without imputing to him any improper motive in not having promptly answered the bill, I shall overrule the demurrer, with costs; and he must answer and pay them in twenty days.