## IMBRIE v. SCHLICHT COMBUSTION PROCESS CO.

(Supreme Court, Appellate Division, First Department.   March 5, 1909.)

CORPORATIONS (§ 397*)—ASSIGNMENT OF CLAIM—NECESSITY OF VOTE OF DI-
RECTORS.

> An assignment of a claim by a private business corporation, evidenced
> by an instrument under seal, signed and attested by the executive officers,
> authorized by the by-laws to so sign and attest "all contracts and convey-
> ances made by this company whenever the same may be necessary," is
> sufficient, without a vote of the directors.

> [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1598; Dec.
> Dig. § 397.*]

Appeal from Trial Term, New York County.

Action by Andrew C. Imbrie against the Schlicht Combustion Pro-
cess Company.   From a judgment dismissing the complaint, after a
trial before a referee, plaintiff appeals.   Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON,
CLARKE, and SCOTT, JJ.

Daniel C. Beerman (Emanuel S. Cahn, of counsel), for appellant.
M: Cleiland Milnor, for respondent.

CLARKE, J.   The action was brought to recover $921.06 for goods,
wares, and merchandise sold and delivered to the defendant by the
A. A. Griffing Iron Company, a New Jersey corporation.   The com-
plaint alleged that prior to the commencement of this action the cause
of action herein sued upon was, for a valuable consideration, duly as-
signed, transferred, and set over to this plaintiff by said corporation,
the then owner thereof.   The answer denied that defendant had any
knowledge or information sufficient to form a belief as to any of the
matters stated in the third and seventh paragraphs of the complaint,
which were those setting up the assignment, and the complaint was
dismissed, upon the ground that there had been no valid assignment
made and executed or delivered to plaintiff.   The plaintiff offered in
evidence as the assignment upon which he sued a paper writing, read-
ing as follows:

"June 25, 1901.

"For value received, we hereby sell, transfer, and set over our account
against the Schlicht Combustion Process Company for $921.06 and interest to
Andrew C. Imbrie of New York City.

"A. A. Griffing Iron Company,
"[Signed]   Thos. H. Williams, V. Pres.

"[Seal of A. A. Griffing Iron Co.]
"Attest:   [Signed]   Isaac C. Ogden, Secy."

Here is an assignment under seal, signed by the vice president and
attested by the secretary, made by the corporation, for the benefit of
the corporation, for the purpose of instituting suit.   That was prima
facie evidence that the assignment was the act of the corporation.
In addition, the by-laws in evidence provided:

"The president or vice president of this company is hereby authorized to
sign the corporate name and affix the corporate seal of this company to all
contracts and conveyances made by this company whenever the same may
be necessary."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no evidence attacking this assignment, other than that the minutes do not disclose affirmatively that the directors authorized the assignment. But the defendant is not concerned. It is not attacking the original transaction, the debt due by it to plaintiff's assignor for goods, wares, and merchandise bought by defendant from plaintiff's assignor and not paid for. It attacks the assignment of that claim, evidenced by an instrument under seal and signed and tested by the executive officers of a private business corporation, authorized by the by-laws to so sign and test "all contracts and conveyances," on the ground that no vote of the directors has been shown. It might as well require a special vote of directors to authorize any sale over a counter. A judgment upon this assignment, sustained and supported by the testimony of the officers of the company, as it is, would be a bar to any other recovery upon the assigned cause of action. The claim that the minutes do not show action by the directors is on the same plane as the inquiry into the actual consideration for the assignment, which the referee permitted over objection and exception, upon the ground that it was admitted merely to impeach the witness, and yet was used in his opinion as ground for his conclusion.

In Quackenbos v. Globe & R. F. Ins. Co., 177 N. Y. 71, 69 N. E. 223, the corporation was being sued on its contract, and it defended upon the ground that the paper was not its contract and the seal had been put thereon without proper authority. The court said:

"It is an ancient and well-established rule of law that, where the seal of a corporation is affixed to a contract or written instrument, to which such corporation is a party, and it is signed by the president and secretary, or other proper officers, it will be presumed that such officers did not exceed their powers, as the seal is prima facie proof that it was attached by proper authority, and it lies with the party objecting to its execution to show that it was affixed surreptitiously and improperly."

In the case at bar the defendant has not shown that this seal was attached to this instrument either surreptitiously or improperly, and the instrument must therefore be given full force and effect. The finding of the referee that the instrument had never been delivered to the plaintiff was clearly against the evidence.

The judgment appealed from should be reversed, and a new trial ordered before a new referee, with costs to the appellant to abide the event. All concur.