SUSQUEHANNA LINE, INC., Appellant, v. FRANK AUDITORE and Another, Defendants, Impleaded with CHARLES L. APFEL and Another, Respondents.

Second Department, May 18, 1928.

Banks and banking — liability of bank for paying out funds of corporation to one of directors on checks payable to and indorsed by said director — error to exclude papers in prior stockholders' representative action showing knowledge by bank of director's intent to convert funds in question — bank had knowledge of facts to put it on inquiry before honoring check — question of fact presented — certificate of corporation under seal only prima facie instrument of corporation — codirector not liable, without knowledge of acts of defendant director.

The plaintiff corporation seeks to hold the defendant bank liable for money belonging to it which the bank paid out on a check drawn by one of the plaintiff's directors, payable to himself and converted by him.

It was error for the court to exclude papers in a prior stockholders' representative action, in which the bank was restrained from transferring the fund in question, for such papers tended to show that the bank had knowledge of facts sufficient to put it upon inquiry as to the intent of the defaulting director. Furthermore, a certificate signed by the vice-president and secretary of the corporation, to the effect that a resolution had been adopted authorizing the bank to pay checks, contained a statement that there was no provision in the charter or by-laws limiting the powers of the board of directors to pass the resolution, and this certificate in itself should have created a suspicion in the minds of the officers of the bank. The said resolution was in fact never adopted by the corporation,

and, therefore, the certificate was false and can confer no protection to the bank.

The evidence justifies the finding that the defendant bank had sufficient knowledge to put it upon inquiry to determine whether or not the resolution was authentic before honoring the check. A question of fact was presented for the determination of the jury.

A certificate of a corporation under its seal, attested by the signatures of its executive officers, is *prima facie* an instrument of the corporation, but a person objecting to the execution of the instrument may show that the seal was affixed without authority.

A codirector is not liable for the acts of a defendant director, unless he had knowledge or in the exercise of reasonable care should have known that the defendant director intended to convert the funds of the corporation.

KAPPER, J., dissents.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 3d day of June, 1927.

*Edward H. Wilson* [*John J. Kean* with him on the brief], for the appellant.

*Alfred B. Nathan* [*Louis H. Moos* with him on the brief], for respondent Apfel.

*Stuart H. Benton* [*Guthrie B. Plante* with him on the brief], for the respondent Irving Bank-Columbia Trust Company.

HAGARTY, J. The plaintiff seeks to hold liable the defendant Irving Bank-Columbia Trust Company, a banking corporation, for the conversion of its funds by the defendant Frank Auditore upon the theory that Auditore, the payee and one of the signers of the check as a director of the plaintiff, converted to his own use the amount paid upon the check and by the trust company transmitted to him in Paris, France. Concededly, Auditore converted the funds. The bank is liable if it had knowledge that Auditore was diverting or about to divert funds of the plaintiff corporation, or if there were surrounding facts and circumstances, of which the bank had knowledge, indicating that the transaction involved a conversion, charging it with the duty of inquiry. (*Fidelity & Deposit Co.* v. *Queens Co. Trust Co.*, 226 N. Y. 225; *Bischoff* v. *Yorkville Bank*, 218 id. 106; *First National Bank of Paterson* v. *National Broadway Bank*, 156 id. 459.) The jury rendered its verdict in favor of the respondent trust company, and the plaintiff appeals.

We are of the opinion that the exclusion by the trial court of the papers in the action brought by Guisippina Parascandola, as administratrix of the estate of Joseph Auditore, as plaintiff, against Frank Auditore and the plaintiff in this action and others as defendants, for an accounting and an injunction perpetually restrain-

ing the defendants, their agents, employees and depositaries, including the defendant bank in this action, upon whom they were served, from transferring the fund here involved, was error. The subsequent modification of the injunction contained in the order to show cause did not lessen the effect of the liability with which the defendant bank was charged as the result of the information which it acquired from the papers served upon it. A review of the facts contained in the complaint and affidavits in the Parascandola action is not essential to the determination of this appeal. Suffice to say that they contained information that the plaintiff in that action was pressing a claim to the fund here involved, charging that it was the product of transactions with other corporations in which plaintiff's intestate was a stockholder, and that the defendant Frank Auditore was endeavoring to convert it to his own use. The statement by the respondent bank in its brief that no exception was taken to the exclusion of these papers is not borne out by the record.

The certificate signed by the vice-president and secretary, dated the 21st of March, 1923, to the effect that the corporation had adopted a resolution that the defendant bank was authorized to honor instruments when signed by those therein named "without inquiry as to the circumstances of issue or the disposition of the proceeds even if drawn to the individual order of any signing officer or tendered in payment of his individual obligation," did not, as a matter of law, relieve the defendant trust company from liability under the rule enunciated, especially since it appeared affirmatively that no such resolution was adopted by the corporation. The records of the corporation of the meeting of March 19, 1923, were offered in evidence and they are conclusive that another resolution of entirely different wording and import, covering the deposit, was adopted by the corporation. Clearly, the certificate was false. The document further certified that "there is no provision in the charter or by-laws of said corporation limiting the power of the board of directors to pass the foregoing resolutions and that the same are in conformity with the provisions of said charter and by-laws." This was a most amazing instrument. Respondent bank contends that it was justified in recognizing the certificate as having been legally executed under due form, since it was executed under seal and authenticated by the plaintiff's vice-president and secretary, and cites *Quackenboss* v. *Globe & R. F. Ins. Co.* (177 N. Y. 71); *United Surety Co.* v. *Meenan* (211 id. 39); *Imbrie* v. *Schlicht Combustion Process Co.* (130 App. Div. 675); *Traitel Marble Co.* v. *Brown Brothers, Inc.* (159 id. 485). To carry this respondent's argument to its logical conclusion, such a

resolution as therein certified justified the bank and relieved it from liability if it had gone to the extreme extent of participating in a conversion of the plaintiff's funds. Those cases went no further than to recognize the common-law rule that an instrument under the seal of a corporation, attested by the signatures of its executive officers, was *prima facie* the instrument of the corporation. It lies with the party objecting to the execution of such an instrument to show that the seal was affixed surreptitiously or improperly. In *Traitel Marble Co.* v. *Brown Brothers, Inc.* (*supra*) it was written: " The general proposition holds true that persons dealing with the officers and agents of a corporation are bound to take notice that their powers are derived from statutes, by-laws or usages which more or less define the extent of their authority, and in *doubtful* cases one must at his peril acquaint himself with the exact extent of that authority. As illustrations of this rule see *First Nat. Bank* v. *Ocean Nat. Bank* (60 N. Y. 278, 291); *Alexander* v. *Cauldwell* (83 id. 480); *Wilson* v. *Kings County Elev. R. R. Co.* (114 id. 487, 491, 492); *Jemison* v. *Citizens' Savings Bank* (122 id. 135, 141)."

While we recognize the authority of the officers to sign certificates, we are of the opinion that the contents of the instrument itself, coupled with the information acquired from the Parascandola papers, was evidence of notice to the defendant bank that the transaction involved suspicious circumstances, and put it upon inquiry to determine whether or not the resolution was authentic before honoring the check. It presented a question of fact for determination by the jury.

The liability of respondent Apfel depends solely upon whether or not he participated in the conversion, authorized or directed it or acquiesced in it, when he either knew or, in the exercise of reasonable care, should have known of it and prevented it. (*Arthur* v. *Griswold*, 55 N. Y. 400; *Cassidy* v. *Uhlmann*, 170 id. 505.) The only evidence connecting this defendant with the transaction is that of the witness Stockham, a director of the plaintiff, who testified that he told Apfel that he was going to send the money to Auditore before he did it. This Apfel denied. The only question of fact upon which Apfel's liability could be predicated was decided by the jury adversely to the plaintiff. If, therefore this defendant had no knowledge of the conversion or intended conversion, in the absence of proof that in the exercise of reasonable care he could have prevented the loss or that he failed to perform his duty of exercising the authority he possessed to prevent the loss, the error by the trial court in excluding the Parascandola papers was not material as to him.

So much of the judgment as adjudges that defendant Irving Bank-Columbia Trust Company have judgment on the issues against the plaintiff should be reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. In all other respects the judgment should be affirmed, without costs.

YOUNG, RICH and CARSWELL, JJ., concur; KAPPER, J., dissents and votes for affirmance as to both respondents.

Judgment, in so far as it adjudges that defendant Irving Bank-Columbia Trust Company have judgment on the issues against the plaintiff, reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event. In all other respects the judgment is affirmed, without costs.