LAND MARK CORPORATION, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent, and Others, Defendants. (Appeal No. 1.) — In view of the determination in *Land Mark Corp.* v. *Manufacturers Trust Co., Nos. 2 and 3* (*post*, p. 844), decided herewith, the appeal from the order in so far as it dismisses the complaint as to defendant Manufacturers Trust Company is dismissed. Kapper, Hagarty, Carswell, Scudder and Davis, JJ., concur.

LAND MARK CORPORATION, Appellant, v. MANUFACTURERS TRUST COMPANY, Respondent, and Others, Defendants. (Appeals Nos. 2 and 3.) — Order and judgment entered thereon reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to respondent to

answer within ten days after the entry of the order. In our opinion the complaint states sufficient facts against this defendant to constitute a cause of action. It is alleged that the plaintiff and defendant Bedford Corporation had a deposit in the respondent bank in the name of the Bedford Corporation. It had been agreed, and the bank had notice, that no funds should be withdrawn except on checks countersigned by an officer of plaintiff. The bank also had notice from plaintiff in February, 1931, that there was trouble between the two joint depositors and that the officers of the Bedford Corporation were threatening to withdraw the deposit; and the bank had agreed to honor no check without the assent of an officer of plaintiff and his countersignature. Nevertheless in March, when an officer of the Bedford Corporation presented a check payable on its face to an officer of the Bedford Corporation, which had been countersigned by plaintiff's officer three years before, the check being of different number and color than current checks, with variance in color of ink and with its physical condition such as to excite suspicion, it was paid without further inquiry. It appears that this check had originally been countersigned for an entirely different purpose, so that its being filled out by the payee and presented for payment constituted a species of forgery. (Penal Law, § 887; *People* v. *Dickie*, 62 Hun, 400; 26 C. J. 898; Neg. Inst. Law, § 33.) It was a transaction not in the ordinary course of business and withdrew practically the entire deposit which was owned by the two corporations. The check was made payable to an officer of the Bedford Corporation and deposited by him immediately in a special account unavailable to the plaintiff. Assuming, as we must, the facts stated in the complaint to be true, the defendant bank was put upon inquiry as to the validity of this check before it proceeded to payment and allowed deposit in a new account. (*Fidelity & Deposit Co.* v. *Queens Co. Trust Co.*, 226 N. Y. 225; *Susquehanna Line, Inc.*, v. *Auditore*, 223 App. Div. 585.) It is likely that on the trial there will be presented a mixed question of law and fact as to the negligence of the parties, but as a matter of pleading, sufficient facts are stated to require respondent to answer. The complaint in any event should not have been dismissed in its entirety, for the bank, as the custodian of the fund, was a proper party defendant, even though it had not been liable as a party to the conversion of the funds. (Civ. Prac. Act, §§ 211, 212; *Schmidt* v. *Dietericht*, 1 Edw. Ch. 119; Pom. Eq. Juris. [4th ed.] § 114.) Kapper, Hagarty, Carswell, Scudder and Davis, JJ., concur.