■ JAMES DEMPSEY, Respondent, v. PAUL KIRSCHNER, Defendant, and MILTON N. REDMAN et al., Appellants.— Order of the Supreme Court, Westchester County, dated October 23, 1967, affirmed, with $10 costs and disbursements. Appellants, attorneys substituted for plaintiff in the prosecution of a negligence action on behalf of defendant Kirschner, received in settlement a sum upon part of which plaintiff claimed an equitable lien. In our opinion, appellants were properly made parties defendant in the instant plenary action by plaintiff to recover for his legal services and disbursements, notwithstanding that appellants had, pursuant to an order made in the negligence action, deposited a part of the settlement moneys in escrow in a bank account (CPLR 1002; see *Miller-Schlott, Inc.* v. *Title Guar. & Trust Co.*, 237 App. Div. 859; *Land Mark Corp.* v. *Manufacturers Trust Co.*, 238 App. Div. 844; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1006.13). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.

■ J. LEO GLYNN, JR., Appellant-Respondent, v. J. LEO GLYNN, SR., Respondent-Appellant, and HERMAN CRISPBELL et al., Respondents.— Order of the Supreme Court, Orange County, dated May 23, 1967, which denied the motion of defendant J. Leo Glynn, Sr., for summary judgment (second decretal paragraph) and granted the motion of the four other defendants to dismiss the complaint for insufficiency (first decretal paragraph), modified, on the law, by striking from the second decretal paragraph the words "in all respects denied" and substituting therefor the following: "granted as to the first cause of action and denied as to the second cause of action." As so modified, order affirmed, with $10 costs and disbursements to J. Leo Glynn, Sr., against plaintiff. In our opinion, for purposes of the first cause of action only, the affidavits of the attorney for J. Leo Glynn, Sr., were sufficient on his motion and summary judgment should have been granted. On the face of the complaint and as a matter of law the first cause of action contains no basis for recovery against him. He is not alleged to be a party to the delay or the representation. Further, since we find the Special Term was correct in granting relief to those defendants whose alleged negligence resulted in the failure to effect a change in the beneficiary of the insurance policy to plaintiff's damage, consistency mandates the granting of summary judgment to the named beneficiary against whom no allegations of wrongdoing are made. As to the second cause of action, we agree that an affidvait of one having personal knowledge of the facts was required. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.